## 61715. VARNES v. THE STATE.

SOGNIER, Judge.

1. Appellant was convicted of burglary. He first contends the trial court erred in the sentencing phase of the trial by considering a prior conviction which was not admissible under the provisions of Code Ann. § 27-2503. That code section provides that only such evidence in aggravation as the state has made known to the defendant prior to trial shall be admissible.

Apparently, the probation report contained information that appellant was on probation resulting from a burglary conviction in Mississippi. Appellant's attorney confirmed this fact in response to a question from the judge, and made no objection to such evidence during the sentence hearing. Our Supreme Court, in ruling on the same contention, held: "The record does not show that an objection was made on the grounds of no prior notice. Objections such as the one before us now must be properly made in the trial court and a failure to do so at that time eliminates a subsequent review by this court. [Cit.]" *Strozier v. State,* 231 Ga. 140, 142 (2) (200 SE2d 762)

(1973). See also *Bradshaw v. State,* 145 Ga. App. 664, 665 (1) (244 SE2d 600) (1978).

2. In Enumerations 2 and 3, appellant contends the trial court erred by failing to give requested charges on criminal trespass and theft by taking.

a. In regard to a charge on criminal trespass, the state's evidence established that shortly after midnight someone broke into the business office of the Habersham County Medical Center by prying open the door, and removed the safe. The safe was observed being loaded in a car outside the Medical Center by three men. When approached by a deputy sheriff, they ran. The deputy recognized appellant as one of the three men and subsequently, a palm print was taken from the safe which matched appellant's palm print. Neither appellant nor his codefendant had authority to enter the office. No evidence was presented by appellant.

In *Deese v. State,* 137 Ga. App. 476 (224 SE2d 124) (1976), a burglary was committed under circumstances strikingly similar to the circumstances in this case, and we held the evidence sufficient to authorize a conviction of burglary. In *Deese* we discussed an allegation of error for failure to charge on criminal trespass and stated: "Where the intent to steal is proved, the crime of criminal trespass (Code Ann. § 26-1503 (b) (1)) merges with or is included within the crime of burglary (Code Ann. § 26-1601). [Cit.]" Id., at 477 (3). Here, the only evidence disclosed that the defendants entered the hospital office for the unlawful purpose of committing theft, and thus, there was nothing to authorize an instruction on the lesser offense of criminal trespass. Id.

b. In regard to appellant's request to charge on theft by taking, the state's evidence established all elements of the offense of burglary, and appellant presented no evidence. Thus, appellant could only be found guilty as charged, or not guilty of any offense whatsoever. "This being so, the lesser included offense of theft by taking was not raised by the evidence and it was not error to fail to charge the jury on this lesser crime as a possible verdict." *Timley v. State,* 134 Ga. App. 727 (215 SE2d 735) (1975).

3. In his last enumeration of error, appellant contends the trial court erred in its direction of the order of closing arguments. Code Ann. § 27-2201 provides that if the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury. The trial court stated that appellant's counsel could present an opening and concluding argument, but would not allow a codefendant's counsel to make a concluding argument. Appellant contends this was error. We have held that no possible harm to an appellant could be caused by an allegedly improper restriction of concluding argument

made by a different attorney for a different defendant. *Hollis v. State,* 137 Ga. App. 298 (223 SE2d 491) (1976). Further, in a trial involving joint defendants, if one defendant offers evidence, the right to closing argument is lost to all. *Calhoun v. State,* 135 Ga. App. 609, 611 (3) (218 SE2d 316) (1975). Thus, the trial court's action as to arguments was not error.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1981.

*Winslow H. Verdery,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.