## 67027. HENDERSON v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of burglary. On appeal he contends the trial court erred by refusing his written request to charge on criminal trespass as a lesser included offense.

Appellant was apprehended about 2:00 a.m. on July 12, 1982 in the Ware Street School in Blackshear, Georgia. When ordered out of the principal's office area he had no school property on his person. However, several items belonging to the school were found on the floor behind a door, in a paper sack, and under the principal's desk. Entry to the school had been gained by removing plexiglass from a window, and the office area was entered by breaking in two locked doors. After being advised of his rights appellant stated he had no permission to enter the school, but entered because he was cold. When asked if he was going to take anything he stated: "I didn't have anything on me when you got me." Appellant did not testify, and presented no other evidence.

Appellant contends that because he stated he entered the school to get warm, the issue of criminal trespass was raised, and it was error not to charge the jury that criminal trespass was a lesser included offense of burglary. We do not agree.

OCGA § 16-7-21 (b) (1) (Code Ann. § 26-1503) provides that a person commits criminal trespass when he enters the premises of another person for an unlawful purpose. The evidence in this case, however, was sufficient to prove that appellant entered the school with the intent to steal the items that were found on the floor, in a paper sack and under the principal's desk. Where the intent to steal is proved the crime of criminal trespass then merges with or is included within the offense of burglary. Varnes v. State, 159 Ga. App. 452, 453 (2a) (283 SE2d 673) (1981). Accordingly, no error was committed by

denying appellant's request to charge on criminal trespass under the evidence presented in this case.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JANUARY 31, 1984.

*John B. Thigpen, Sr.,* for appellant.
*Harry D. Dixon, Jr., District Attorney, Michael D. Devane, Assistant District Attorney,* for appellee.