## 77765. JONES v. THE STATE.
(378 SE2d 518)

POPE, Judge.

Appellant Jones was convicted of armed robbery, two counts of aggravated sodomy and two counts of rape for which he received five life terms to be served consecutively. His sole enumeration of error is

that the trial court erred in failing to grant his motion to sever his trial from that of his co-defendant Johnson. *Held*:

The evidence at trial showed a strange series of events in which the victim was kidnapped, transported to an apartment where she was raped and sodomized, and then transported to a motel where she was further raped and sodomized. The ordeal lasted approximately twenty hours. The evidence showed that appellant participated only in the criminal activities at the apartment.

Appellant argues that his trial should have been severed from that of his co-defendant because appellant's participation in the criminal activity covered only a small part of the time the victim was held, and that evidence against his co-defendant might be considered against him. This is the second standard set out in *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). However, the court in *Cain* also stated that "the burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. [Cit.] He must make a clear showing of prejudice and a consequent denial of due process. [Cits.]" *Cain* at 129.

Appellant here has not met that burden. The evidence presented through the State's first witness, appellant's sister, related only to events with which appellant was involved and was sufficient to sustain the verdict against him. Appellant was charged with kidnapping along with his co-defendant; however, the evidence showed that appellant did not join the activities until the victim arrived at his apartment. In addition, the State's theory included a conspiracy to commit the crime charged. Thus, the acts of appellant's co-defendant were also imputable to him. *Montgomery v. State*, 156 Ga. App. 448 (1) (275 SE2d 72) (1980). The fact that the jury acquitted appellant on the kidnapping charge shows that the jury separated the evidence presented against each defendant.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 6, 1989.

*Michael R. Schumacher*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Nancy A. Grace, Assistant District Attorneys*, for appellee.