## S89A0099. YEARBY v. THE STATE.
(385 SE2d 414)

MARSHALL, Chief Justice.

The appellant, Jerome Yearby, was indicted on one count of forgery in the first degree. In the indictment, the appellant was also charged with three recidivist counts, based on one prior conviction of aggravated assault and two prior convictions of burglary. He was found guilty on all counts. Under OCGA § 17-10-7 (b), which is known as the habitual-offender statute, he was given the maximum sentence for first-degree forgery, which is ten years' imprisonment, without possibility of parole.

OCGA § 17-10-7 (b) generally provides that any person who, after having been convicted of three felonies, commits another felony other than a capital felony, must, upon conviction of the fourth or subsequent offense, "serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served."

In this appeal, the appellant challenges the constitutionality of OCGA § 17-10-7 (b), arguing that this statutory provision unconstitutionally encroaches upon the power of the State Board of Pardons and Paroles to grant paroles under Art. IV, Sec. II, Par. II of the Georgia Constitution of 1983.

The constitutionality of the habitual-offender statute has been challenged on different grounds, and upheld by us, in *Knight v. State*, 243 Ga. 770 (1) (257 SE2d 182) (1979). The constitutional challenge advanced by the appellant in this case was also asserted in *Kryder v. State*, 212 Ga. 272 (2) (91 SE2d 612) (1956), and *Green v. State*, 244 Ga. 755 (262 SE2d 68) (1979), and in both of those cases it was held that "the appellant was without standing to contest the statute until such time as he claimed a right of parole and the statute was asserted against him as a bar." *Green v. State*, supra, 244 Ga. at 756.

Since, as in *Green*, there is no remaining issue which would invoke this court's jurisdiction, the appeal is hereby transferred to the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur.*

DECIDED OCTOBER 5, 1989.

*Hudson & Montgomery, Kenneth Kalivoda,* for appellant.
*Harry N. Gordon, District Attorney, Steve Jones, Assistant District Attorney,* for appellee.