## A91A1753. DORSEY v. THE STATE.
(416 SE2d 879)

COOPER, Judge.

Appellant was found guilty by a jury of aggravated assault with intent to rape, robbery by intimidation and kidnapping. Following the denial of his motion for new trial, he filed this appeal.

The crimes alleged in the indictment occurred one night following a concert which the victim and her boyfriend had attended. After the concert, the victim and her boyfriend had an argument, and the boyfriend left the car and started walking home alone. The victim left the area but later returned to look for her boyfriend when she met

appellant, who under the guise of helping her look for her boyfriend, abducted the victim, forced her at gunpoint to give him her rings and withdraw money from an automated teller machine ("ATM") and sexually assaulted her in the parking lot of the bank. The victim testified that appellant suddenly stopped his assault on her about the time she noticed that two men had approached the area. One of the men was using a nearby pay telephone, and the other withdrew money from the same ATM that the victim had used. The victim began talking loudly, and appellant backed away from her. The victim then drove away hurriedly. Shortly after the assault, the police received a call about a possible robbery in the parking lot of the bank. The officer who responded to the call stated that upon arriving at the scene, he spoke with a man who told him that while he was using the pay telephone, he saw a man and a woman who appeared to be having an argument in the parking lot. The man stated that he overheard the woman say to the man something to the effect that he already had her rings and that she did not understand why he was making her do this. The man also gave the officer a physical description of the suspect and from the description, the officer testified that he had a general idea of who the suspect was, based on his knowledge of the area where the assault occurred. The following day, the victim reported the assault to the police and gave a description of the suspect. Two days after the assault, the officer was responding to another call when he saw a man who matched the description of the suspect in the victim's case. The officer approached the man, asked him if he had anything in his pockets, and the man produced a knife. The officer noticed that the blade of the knife was over three inches long in violation of the knife ordinance. The officer asked the man if he had anything else in his pockets, and the man took out several rings which the officer believed to have been involved in the victim's case. The officer placed appellant under arrest for violation of the knife ordinance and then telephoned the victim and asked her to describe the rings that were taken. Appellant was subsequently arrested and charged with rape, kidnapping and armed robbery.

1. Appellant contends the trial court erred in denying his motion for continuance made on the day of trial. During their investigation of the assault, the police discovered the name of a person who withdrew money from the ATM shortly after the victim. On March 1, 1990, the State provided appellant's counsel with that person's name and his P. O. Box address. On March 5, 1990, the State gave appellant's counsel the telephone number of the witness. On March 7, 1990, an investigator for appellant left a subpoena in the witness' dormitory room, but the witness was never personally served. When the witness did not appear at trial on March 12, 1990, appellant's counsel moved for a continuance. Appellant made a showing that the witness had gone out

of town on March 6, 1990 and was expected to return on March 22, 1990. The prosecutor argued that she informed appellant's counsel that she had spoken to the witness, who denied having any knowledge of the alleged attack; that the witness was apparently not the same person who had called the police to report the robbery; that the person who called the police was believed to be the person who had been using the pay telephone at the time of the assault, and that the State had been unable to locate that person. The trial court denied the motion, finding that the witness had not been served with a subpoena and that there was no evidence that the witness would give testimony favorable to appellant.

It appears that appellant failed in at least three respects to set forth the grounds for a continuance in OCGA § 17-8-25. Appellant failed to show that the witness was subpoenaed, that his testimony would be material, or that appellant knew any facts expected to be proved by the witness. " ' "Each of (the) requirements (set forth in OCGA § 17-8-25) must be met before an appellate court may review a trial judge's discretion in denying a motion for continuance based upon the absence of a witness." (Cit.)' [Cit.]" *Curry v. State*, 177 Ga. App. 609 (1) (340 SE2d 250) (1986). Under the circumstances of this case, we find no abuse of discretion in the denial of appellant's motion for continuance.

2. In his second enumeration of error, appellant contends that his arrest was illegal, therefore items seized during the arrest should have been suppressed. When the arresting officer stopped appellant, he had reasonable articulable grounds for suspicion, based on the description given by both the victim and the man who was using the pay telephone at the scene of the crime, that appellant was the person who assaulted the victim. Thus, we find that the initial investigative stop was authorized by *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). The officer was then authorized to make a protective pat-down search to maintain the status quo while questioning appellant. *Terry v. Ohio*, supra; *Stiggers v. State*, 151 Ga. App. 546 (1) (260 SE2d 413) (1979). However, prior to making the pat-down search, appellant voluntarily produced the rings from his pocket. We find no merit to appellant's argument.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DENIED MARCH 17, 1992.

*Roger K. Ghai*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Doris L.*

*Downs, Carl P. Greenberg, Assistant District Attorneys,* for appellee.