A92A0018. FREEMAN v. THE STATE.
(421 SE2d 308)

COOPER, Judge.

In a 41-count indictment, appellant and six others were charged with various crimes resulting primarily from a series of five armed robberies occurring between April 25, 1990 and June 24, 1990. Five of the seven co-defendants entered guilty pleas, and the case proceeded to trial against appellant and the remaining co-defendant. It is undisputed that appellant was incarcerated during the first armed robbery; therefore, the charges against appellant: nine counts of armed robbery, four counts of possession of a firearm, eight counts of false imprisonment, four counts of aggravated assault, three counts of making terroristic threats, and one count of simple battery arose from the last four armed robberies. However, the charges against appellant's co-defendant arose from all five of the robberies.

Prior to trial, appellant filed a motion for severance, contending that some of the charges against the co-defendant related to the first robbery and that this evidence would prejudice the jury against appellant and create confusion in the minds of the jurors. The trial court denied the motion, and the jury returned a verdict finding appellant guilty of one count of armed robbery, four counts of aggravated assault, three counts of false imprisonment, and one count of possession of a firearm during the commission of a crime. Appellant's sole enumeration of error is the trial court's denial of his motion to sever.

"When [jointly] indicted for a capital felony when the death penalty is waived, or for a felony less than capital, or for a misdemeanor, such defendants may be tried jointly or separately in the discretion of the trial court." OCGA § 17-8-4. "The grant or denial of a motion to sever is within the discretion of the trial court and absent an abuse of discretion, denial of a motion to sever is not grounds for reversal. In *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975), the Supreme Court set forth the considerations for the trial court in exercising its discretion, one of which is whether "there [is] a danger that evidence admissible against one defendant will be considered against another despite admonitory precaution of the court." Id. at 129. "However, the court in *Cain* also stated that 'the burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. (Cit.) He must make a clear showing of prejudice and a consequent denial of due process. (Cits.)' [Cit.]" *Jones v. State*, 190 Ga. App. 175, 176 (378

SE2d 518) (1989).

Appellant has failed to meet his burden. The evidence against appellant as to his participation in four of the robberies, included eyewitness testimony, ballistic testimony, testimony of co-defendants identifying appellant as a participant, and evidence from the scene of the crime which was found in appellant's home. There was no evidence that appellant participated in the first robbery, and one of the co-defendants who pled guilty confirmed that appellant was not involved in the first robbery. "Under the circumstances, we conclude that the appellant failed to make a showing of clear prejudice that is required to warrant a severance, with the result that the trial court did not manifestly abuse its discretion in refusing to grant the appellant a separate trial. [Cit.]" *Ledbetter v. State*, 202 Ga. App. 524, 525 (2) (414 SE2d 737) (1992).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 26, 1992 —
RECONSIDERATION DENIED JULY 23, 1992.

*W. Edward Nethery, John H. Tarpley,* for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, J. Thomas Morgan III, Assistant District Attorneys,* for appellee.

