A92A1273. POOLE v. THE STATE.
(423 SE2d 52)

BEASLEY, Judge.

Following the denial of his motion for new trial, Poole appeals from a judgment of conviction for burglary, OCGA § 16-7-1, claiming insufficiency of evidence and errors in the jury charge.

Responding to a burglar alarm call at a furniture store, police officers arrived to find that a glass portion of the side door had been broken by a concrete block. Appellant was observed inside the store carrying a television set. When the officers entered the building, they found the television on the floor in an aisle and appellant hiding between some mattresses. A cash drawer in the office had been disturbed and the change box overturned. Appellant had no authority to be in the store, which was closed for the Christmas holiday.

1. A directed verdict of acquittal is demanded as a matter of law only when "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. . . ." OCGA § 17-9-1 (a). The evidence was sufficient to authorize a rational trier of fact to find appellant guilty of burglary beyond a reasonable doubt. *Coursey v. State*, 196 Ga. App. 135 (395 SE2d 574) (1990). The trial court properly denied his motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court erred in refusing to give his requested jury instruction as follows: "I charge you . . . that if the facts in evidence in this case, and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence of the crime charged in the indictment, the justice and humanity of the law compels the acceptance of the theory which is consistent with innocence." See *Davis v. State*, 13 Ga. App. 142, 143 (1) (78

SE 863) (1913). The charge has been discredited. *Nolen v. State*, 124 Ga. App. 593, 594 (184 SE2d 674) (1971). The instruction "commonly called the 'two theories' charge," *Hamilton v. State*, 260 Ga. 3, 4 (4) (a) (389 SE2d 225) (1990), is appropriate, if at all, only when the evidence relied upon by the State is entirely circumstantial. Id. at (4) (b); *Hawkins v. State*, 260 Ga. 138 (6) (390 SE2d 836) (1990); *Patterson v. State*, 258 Ga. 592, 593 (1) (372 SE2d 809) (1988); *Stephens v. State*, 201 Ga. App. 737 (2) (412 SE2d 568) (1991). Since there was direct evidence of appellant's guilt, the charge was not applicable.

3. Appellant's requested charge relating to the elements of burglary was covered by the general charge. He was not entitled to a charge in the exact language of his written request. *Williams v. State*, 199 Ga. App. 566, 571 (5) (405 SE2d 716) (1991).

4. Appellant contends the trial court erred in failing to give his requested jury instruction on criminal trespass as a lesser included offense of burglary. "[A] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990). However, " '[w]here the intent to steal is proved, the crime of criminal trespass [OCGA § 16-7-21] merges with or is included within the crime of burglary [OCGA § 16-7-1]. (Cit.)' [Cit.]" *Varnes v. State*, 159 Ga. App. 452, 453 (2) (a) (283 SE2d 673) (1981). Here, as in *Varnes*, "the only evidence disclosed that the defendant[ ] entered the [building] for the unlawful purpose of committing theft, and thus, there was nothing to authorize an instruction on the lesser offense of criminal trespass. [Cit.]"

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 30, 1992.

*Roy E. Harkleroad*, for appellant.
*Harry D. Dixon, Jr., District Attorney, John A. Rumker, Assistant District Attorney*, for appellee.