**Rocky HUTSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–91–097–CR.**

Court of Appeals of Texas,
Texarkana.

Oct. 13, 1992.

Frank Bauer, Chapman, Price, Hughes & Bauer, Sulphur Springs, for appellant.

Frank Long, Dist. Atty., Sulphur Springs, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Rocky Hutson was indicted for murder. The indictment charged that he killed Dewey Littlejohn by shooting him with a firearm. In a jury trial, Hutson was convicted of the lesser included offense of involuntary manslaughter and assessed punishment of ten years' confinement and a fine.

On appeal, Hutson first contends the trial court erred in refusing to admit, for impeachment purposes, evidence that a State's witness, Darrell Killingsworth, had been convicted of a felony. The court refused to admit evidence of the conviction because Killingsworth had successfully completed the probation he had been given for that conviction.

Evidence of a conviction is not admissible as impeachment if probation given for the offense has been successfully completed and the person convicted has not been convicted of a subsequent crime that was either a felony or a misdemeanor involving moral turpitude. TEX.R.CRIM.EVID. 609.

■ Hutson contends that because Killingsworth had pleaded guilty to criminal trespass after his probation for the other offense had been completed, the first conviction became admissible. We disagree.

■ Criminal trespass is a misdemeanor. We have found no case in Texas deciding whether it is an offense involving moral turpitude. Generally, moral turpitude means something that is inherently immoral or dishonest. *Williams v. State*, 55 Ala. App. 436, 316 So.2d 362 (Ala.Crim.App. 1975). Courts in other states have held that criminal trespass is not an offense involving moral turpitude. *See Ex parte McIntosh*, 443 So.2d 1283 (Ala.1983); *United States Lumber & Cotton Co. v. Cole*, 202 Ala. 688, 81 So. 664 (1919); *Hallinan v. Committee of Bar Examiners of State Bar*, 65 Cal.2d 447, 55 Cal.Rptr. 228, 421 P.2d 76 (1966); *In re Willis*, 288 N.C. 1, 215 S.E.2d 771 (1975).

Criminal trespass is not an offense that is inherently immoral or dishonest, and no culpable mental state is required for the offense, other than a volitional entry without consent or refusal to leave when requested to do so. *Reed v. State*, 762 S.W.2d 640 (Tex.App.–Texarkana 1988, pet. ref'd), *cert. denied*, 493 U.S. 822, 110 S.Ct. 81, 107 L.Ed.2d 47 (1989). Thus, we conclude that criminal trespass is not an offense involving moral turpitude. The trial judge properly refused to admit evidence of the conviction against Killingsworth.

■ Hutson also contends the evidence is insufficient to sustain the conviction because it shows that when he shot Littlejohn he was so incapacitated from an assault on himself that he was unable to know that waving a gun at Littlejohn and shooting it was dangerous and reckless. The State does have the burden to prove that the accused perceived there was a substantial risk in his conduct. TEX.PENAL CODE ANN. § 6.03(c) (Vernon 1974). However, there was ample evidence in this case that Hutson had recovered sufficiently from the assault on him that he could realize the danger in his conduct. There was evidence that he could distinguish between friend and foe, that he was fully conscious, and that immediately after shooting Littlejohn he fled the scene by driving away in a car at high speed. The jury was entitled to find, on that evidence, that Hutson acted with knowledge that his conduct was reckless.

■ In his last point of error, Hutson argues that the trial court should not have made an affirmative finding that the offense involved the use of a deadly weapon.

There are three instances when an affirmative finding as to the use of a deadly weapon is made: (1) the indictment specifically alleges the words "deadly weapon" in describing the weapon used *and* the verdict reads "guilty as charged in the indictment"; (2) the indictment names a weapon which is *per se* a deadly weapon *and* the verdict reads "guilty as charged in the indictment"; and (3) a special issue is submitted to the trier of fact and is answered affirmatively. *Polk v. State*, 693 S.W.2d

391 (Tex.Crim.App.1985). In this case, the indictment alleged the use of a firearm, which is a deadly weapon per se, but the verdict found Hutson "guilty of involuntary manslaughter," without stating "as charged in the indictment." Although the application portion of the jury charge named the weapon used, that does not constitute an affirmative finding. *Ex parte Flannery,* 736 S.W.2d 652 (Tex.Crim.App. 1987), *overruling Ex parte McLemore,* 717 S.W.2d 634 (Tex.Crim.App.1986), and *Ex parte Bracelet,* 702 S.W.2d 194 (Tex.Crim. App.1986).[1]

For the reasons stated, the judgment will be reformed to delete the affirmative finding as to a deadly weapon. As reformed, the judgment is affirmed.

---

1. Unlike the situation in *DeAnda v. State,* 769 S.W.2d 522 (Tex.Crim.App.1989), the jury here did not recite in its verdict on *punishment* that it had found Hutson guilty "as charged in the indictment."