### A93A1657. STEVENS v. THE STATE.
(436 SE2d 82)

Johnson, Judge.

In a single indictment Robert Louis Stevens was charged with a single count of sale of cocaine. A co-indictee, Donald Lewis, was charged with sale as well as possession with intent to distribute cocaine. The two were jointly tried. In this appeal, Stevens appeals his conviction, his sentence and the denial of his motion for a new trial.

1. Stevens asserts in three separate enumerations of error that the verdict was contrary to law, contrary to the evidence and strongly against the weight of the evidence. Stevens combined these enumerations for purposes of argument, and they will likewise be treated together here as a challenge to the sufficiency of the evidence. Construing the evidence presented at trial to support the jury's verdict the evidence presented at trial showed the following: Stevens waved and whistled at an unmarked police vehicle in which investigator Drawdy and a female off-duty dispatcher assisting in the undercover operation were riding. Drawdy asked Stevens whether he "had it going on," and Stevens replied that he did. Stevens was concerned about the presence of several marked police cars in the area and directed Drawdy to move to the next block. When Stevens approached Drawdy the second time, he was still concerned about the presence of the police cars and told Drawdy to move to yet another location, which he did. When Stevens approached the car for the third time he asked what Drawdy wanted, and Drawdy told him he was looking for a "20 piece," referring to a quantity of "crack" cocaine. Stevens said he had to get his man and that it would be a few minutes. Drawdy drove around the block and saw Stevens flag down another car. Donald Lewis, the co-defendant in the case, got out and Lewis and Stevens approached Drawdy's car. Stevens stood to the side as Lewis sold the cocaine to Drawdy.

Stevens contends that because no evidence was presented that he personally conducted the sale, his mere presence at the scene of a crime is insufficient to support a conviction. The jury was instructed regarding parties to a crime, OCGA § 16-2-20, and we find the evidence presented at trial more than sufficient to have authorized the jury to find Stevens guilty of being a party to the sale of cocaine.

*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Wimberly v. State*, 205 Ga. App. 818, 819 (1) (423 SE2d 728) (1992).

2. Stevens asserts that the trial court erred in refusing to sever the trial of his case from that of the co-defendant. We do not agree. "The grant or denial of a motion to sever is within the discretion of the trial court and absent an abuse of discretion, denial of a motion to sever is not grounds for reversal. . . . [T]he burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process." (Citations and punctuation omitted.) *Freeman v. State*, 205 Ga. App. 112 (421 SE2d 308) (1992).

Stevens argues that he did not present evidence at trial, but because Lewis did, he was denied the right to open and close during closing argument. In *Robinson v. State*, 164 Ga. App. 652 (297 SE2d 751) (1982), this court noted that losing the right to open and close during closing arguments does not require severance and does not "clearly show prejudice amounting to a denial of due process." Id. at 656 (4).

Further, the facts showed criminal conduct, involving the same place of occurrence, the same undercover agents, and the same transaction. Such evidence, in the absence of a showing of prejudice, warranted a common trial. See *Anderson v. State*, 207 Ga. App. 717 (1) (429 SE2d 128) (1993). No prejudice having been shown, the trial court did not abuse its discretion in refusing to grant Stevens' request for a separate trial.

3. Stevens next argues that the trial court impermissibly commented on the evidence in response to an objection interposed by the State during the defense's cross-examination of Drawdy. We have carefully examined the transcript at the point cited by Stevens. We find no error in the court's response to the objection or the trial judge's attempt to distinguish for the jury conclusions of fact and conclusions of law.

4. Stevens asserts that the sentencing provision contained in OCGA § 17-10-7 violates the Eighth and Fourteenth Amendments to the United States Constitution. The Georgia Supreme Court held in *Yearby v. State*, 259 Ga. 461 (385 SE2d 414) (1989) that an appellant is without standing to contest the validity of OCGA § 17-10-7 until such time as he claimed a right of parole, and the statute was asserted against him as a bar. Accordingly, this complaint is premature.

5. Stevens also argues that he was improperly sentenced under OCGA § 17-10-7 instead of OCGA § 16-13-30 (d) because the latter is a more recent expression of the Georgia legislature's will. This novel argument, that a subsequent law implicitly repeals an earlier

law, is unsupported in the record with either argument or citation of authority and is therefore deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2).

6. Finally, Stevens asserts that he was ineffectively and inadequately represented at trial. This issue was raised and argued at Stevens' motion for a new trial. The trial court heard evidence and concluded in a detailed order that Stevens' trial counsel was not ineffective. "The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. . . . A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Citations and punctuation omitted.) *Harris v. State*, 198 Ga. App. 503 (1) (402 SE2d 62) (1991), rev'd on other grounds 261 Ga. 386 (405 SE2d 482) (1991). We have reviewed the transcripts of the trial and the motion for a new trial and find that the trial court did not err in its assessment of the performance of trial counsel.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 22, 1993.

*James V. Pleasants*, for appellant.
*W. Glenn Thomas, Jr.*, District Attorney, *Kevin R. Gough*, Assistant District Attorney, for appellee.