## A93A1302. VAUGHAN v. THE STATE.
(436 SE2d 19)

BIRDSONG, Presiding Judge.

Jeff Vaughan a/k/a Jeff Vaughn, Jeffery M. Vaughan and Jeffery M. Vaughn appeals his judgment of conviction of two burglary counts. He enumerates five errors. Held:

1. The trial court did not err in denying appellant's motion for continuance notwithstanding appellant apparently released certain defense witnesses after a member of the district attorney's office stated the case would not go to trial and appellant's counsel announced "not ready" on call of the case. The motion for continuance was for an unspecified time period. Trial was held in Fayetteville, Georgia, and lasted two days; two of the released defense witnesses were from Jonesboro and one was from Cherokee County. Each of the requirements of OCGA § 17-8-25 must be met before an appellate court may review a trial judge's discretion in denying a motion for continuance based upon an absent witness (Dorsey v. State, 203 Ga. App. 397, 399 (1) (416 SE2d 879); Garrett v. State, 202 Ga. App. 463 (414 SE2d 693)); these statutory requirements exist regardless whether the State's conduct contributed to the release of witnesses. Appellant has failed to meet these requirements in at least four respects: the witnesses had not been subpoenaed, the record does not establish that appellant expected to be able to procure the witnesses' testimony at the next term of court, the facts expected to be proved by the witnesses were not stated, and their anticipated testimony was not shown to be material. Additionally, the witnesses were absent with the permission of appellant, albeit that permission was given in partial reliance on statements made by a representative of the State; moreover, appellant's counsel conceded his understanding in court that only the trial court can give continuances. There is no evidence the State made a misrepresentation to appellant for the purpose of causing a premature release of defense witnesses or for any other improper purpose, and appellant did not so contend during trial. The denial of the motion was not an abuse of the trial court's discretion. Dorsey, supra; Garrett, supra.

2. The trial court did not err in denying appellant's severance motion and general demurrer. Although we agree that a right of sev-

erance exists where the offenses are joined solely on the ground that they are of same or similar character, *Dingler v. State*, 233 Ga. 462 (211 SE2d 752), the record does not establish a joinder for this sole purpose. Where two or more joined offenses are " ' "based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan," ' [or have an identical modus operandi,] severance lies within the discretion of the trial court." *Bailey v. State*, 157 Ga. App. 222, 223 (3) (276 SE2d 843); *Mack v. State*, 163 Ga. App. 778 (1) (296 SE2d 115). The appellate test is whether, in light of the number of the offenses charged and the complexity of the evidence, the fact-trier will be able to distinguish the evidence and apply the law intelligently to each offense. *Dobbs v. State*, 204 Ga. App. 83, 84 (1) (418 SE2d 443). Absent an abuse of trial court discretion, denial of a severance motion is not grounds for reversal. *Freeman v. State*, 205 Ga. App. 112 (421 SE2d 308). The burden is on a defendant requesting severance " 'to do more than raise the possibility that a separate trial would give him a better chance of acquittal. (Cit.) He must make a clear showing of prejudice and a consequent denial of due process.' " Id.

The two burglaries were committed within 48 hours of each other; both burglaries were of private residences in Fayette County. The two crime locations were in close proximity of each other; a car only has to make one or two turns to get on Milam Road from Lee's Mill. In both instances the houses were ransacked, drawers were pulled out and dumped on the floor, closets emptied, "just a complete mess of every room that [the perpetrators entered]." Both burglaries were committed in the daylight hours when owners might be away or at work. No breach of trial court discretion is shown in denying severance (compare *Mack*, supra with *Bailey*, supra); the jury would be able to distinguish the evidence pertaining to each burglary offense and apply the law intelligently as to each separate burglary count.

3. Appellant asserts the trial court erred in admitting appellants' pretrial statement in evidence, as it was not affirmatively shown that the statement was voluntarily made with waiver of rights, and without duress or coercion. Appellant also asserts the trial court erred in allowing appellant's pretrial statement as to the December 10, 1986 burglary, as the prosecution did not establish there was a waiver of *Miranda* rights when admissions were made as to that offense. The only waiver of rights that existed was for any statement made regarding the burglary of December 12, 1986. These contentions are without merit.

(a) The evidence regarding the voluntariness of appellant's admitted pretrial statement and certain statements made prior to the recording of that statement was in conflict. The trial court, after conducting a *Jackson-Denno* hearing, made certain findings of fact, inter

alia, that: the accused was under arrest at the time the statements were taken; appellant was advised of his *Miranda* rights, by the interrogating officer, at approximately 7:50 p.m.; appellant "declined to avail himself of any of these rights" and "he expressed a willingness to go ahead and talk to" the interrogating officer; and it was found "as a matter of law and by a preponderance of the evidence," appellant "did give a free and voluntary statement."

(1) State's Exhibit No. 1, Acknowledgment of Rights, signed by appellant and witnessed by the interrogating officer at 7:50 p.m., December 12, 1986, reflects on its face that appellant was, at least, advised that he was "suspected of the offense of burglary, in Fayette County . . . on the 12th day of December, 1986." Appellant testified and admitted in open court that he understood this acknowledgment before he signed it. "[A] law enforcement officer's failure to advise a suspect as to the crimes about which he is to be questioned prior to the suspect's waiver of his *Miranda* rights is not relevant to the question of whether the suspect's waiver was knowing and voluntary." *Peebles v. State*, 260 Ga. 430, 431 (1) (396 SE2d 229). Assuming arguendo appellant was not warned he was suspected of the December 10, 1986 burglary before he waived his rights, such omission would not be relevant regarding whether his waiver was knowing and voluntary.

(2) The trial court found, inter alia, appellant's recorded pretrial statement was made freely and voluntarily, that he declined to avail himself of any of his *Miranda* rights, and he expressed a willingness to talk with the investigator. " 'Factual and credibility determinations as to voluntariness of a confession, including factual and credibility determinations as to issues of rights waiver, are normally made by the trial judge and must be accepted by appellate courts unless such determinations are clearly erroneous.' " *Mathis v. State*, 192 Ga. App. 772, 773 (2) (386 SE2d 532). The trial court's ruling was not clearly erroneous. Further, the interrogating officer testified that before the recorded pretrial statement was taken, appellant "advised me that he understood his rights and that he [wished] to talk to me without an attorney present." We are satisfied the trial court did not err in finding the statement was freely and voluntarily given, and that appellant's affirmative waiver of *Miranda* rights is established by a preponderance of the evidence.

Additionally, "[o]nce *Miranda* warnings are given and a person in custody gives a statement to police without invoking his right to remain silent and without requesting an attorney, he has in effect waived his rights." *Aldridge v. State*, 258 Ga. 75, 76 (3) (365 SE2d 111); *Barrs v. State*, 202 Ga. App. 520, 521 (414 SE2d 733). The trial court determined appellant's credibility and in finding the statement freely and voluntarily given, per force rejected his claim that he had invoked either his right to remain silent or had requested an attorney.

These determinations are not clearly erroneous and are sufficiently supported by evidence of record.

(b) Appellant's contentions that the admitted statement was the fruit of previous inadmissible statements also are without merit. We find, as inherently did the trial court, that appellant's previous conversation with the interrogating officer also was freely and voluntarily made after receiving a proper *Miranda* warning and after having waived his right of silence and right to counsel. However, even assuming these prior statements had been tainted due to an inadequate *Miranda* warning or inadequate waiver of *Miranda* rights, "in Georgia the exclusionary rule does not apply to evidence derived from a voluntary statement obtained without the benefit of *Miranda* warnings." *Reinhardt v. State*, 263 Ga. 113, 115 (4) (428 SE2d 333), citing *Wilson v. Zant*, 249 Ga. 373, 378 (290 SE2d 442). This ruling "was subsequently given support . . . when [the United States Supreme Court] ruled in *Oregon v. Elstad*, 470 U. S. 298, 309 (105 SC 1285, 84 LE2d 222) (1985), that although *Miranda* requires that the unwarned admissions must be suppressed, the admissibility of any subsequent statement turns on whether the statement was knowingly and voluntarily made." Id. We find that appellant's subsequent recorded statement, admitted in evidence, was knowingly and voluntarily given. Accordingly, any claim that the admitted pretrial statement was rendered inadmissible through application of the exclusionary rule also is without merit. Id.

4. Appellant's assertion that the trial court erred by not giving the lesser included offense instruction as to criminal trespass "submitted and requested" by appellant is without merit.

(a) The requested instruction contained a virtual verbatim recitation of the provisions of OCGA § 16-7-21 (a) and (b) (1), and concluded "if you find from the evidence that [appellant] committed any such actions you are authorized to find him guilty of this lesser offense of criminal trespass." The record, however, does not establish the value of any property allegedly damaged, and certainly there is no proof that any damage thereto was $500 or less. Moreover, there is no evidence that appellant entered upon any "vehicle, railroad car, aircraft, or watercraft of another person." Thus, the requested instruction was not tailored to the evidence, was inapt, and had the potential to confuse or mislead the jury. Accordingly, the trial court did not err in refusing to give the requested instruction. *Campbell v. Cozad*, 207 Ga. App. 175 (1) (427 SE2d 515); compare *Anderson v. State*, 262 Ga. 26 (1, 2) (413 SE2d 732).

(b) Further, appellant testified in his own behalf and made certain admissions in judicio in open court (see generally *Lingerfelt v. State*, 255 Ga. 180 (3) (336 SE2d 250)) which established his criminal intent to assist his co-accomplice in entering both homes and stealing

property therefrom. Where the intent to steal is proved, the crime of criminal trespass merges with or is included within the crime of burglary. *Poole v. State*, 205 Ga. App. 652, 653 (4) (423 SE2d 52).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 27, 1993 —
RECONSIDERATION DISMISSED SEPTEMBER 24, 1993.

*Saia, Richardson & Meinken, Joseph J. Saia*, for appellant.

*Johnnie L. Caldwell, District Attorney, James E. Sherrill, Assistant District Attorney*, for appellee.