## A93A1328. BARKER v. THE STATE.

(438 SE2d 649)

SMITH, Judge.

Arthur Barker was indicted for the offenses of armed robbery, OCGA § 16-8-41, and aggravated assault, OCGA § 16-5-21. The trial court directed a verdict of acquittal as to the aggravated assault charge, and the jury found Barker guilty of armed robbery. Barker's motion for a new trial was denied, and he appeals.

1. Barker's first, second, third, and twelfth enumerations of error are based upon the general grounds and the overruling of his motion for a new trial. On appeal, the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), "is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). Viewed in the light most favorable to the verdict, *Gazaway v. State*, 207 Ga. App. 641, 642 (1) (428 SE2d 659) (1993), the evidence showed that Barker was known by face and by name to the service station attendant who was on duty at the time of the robbery. The service station attendant testified that Barker approached him, pointed a gun at his chest, and demanded money. A rational trier of fact could reasonably find that Barker was guilty of the offense charged beyond a reasonable doubt under the standard of *Jackson v. Virginia*.

2. Barker contends that the State failed to prove venue in Sumter County. "Generally, criminal actions must be tried in the county where the crime was committed. OCGA § 17-2-2 (a). And, venue must be established beyond a reasonable doubt. [Cit.] However, when the evidence is not conflicting and when no challenge to venue is raised at trial, slight evidence is sufficient to prove venue. [Cit.]" *Minter v. State*, 258 Ga. 629 (1) (373 SE2d 359) (1988). The victim testified that the armed robbery occurred at the Dixie Oil Company on Highway 19 in Americus, Georgia. Moreover, the police testified that in the course of their investigations, various locations in Americus and in Sumter County were searched.

The evidence indisputably shows that the offenses occurred in Americus, Georgia, a city within Sumter County. Because there is no showing that the offenses were committed in another county, we find this evidence sufficient to establish venue in Sumter County. See *Wiggins v. State*, 208 Ga. App. 757, 759 (3) (432 SE2d 113) (1993). The decision of *Moye v. State*, 65 Ga. 754 (1880), relied upon by Barker, is inapposite, because the evidence in that case established neither the county nor the state in which the crime was committed.

3. Barker next complains that the trial court committed error in

questioning a witness regarding the witness's earlier identification of a photograph from a police line-up card. However, Barker waived his right to appellate review by failing to object at trial. See *McDonald v. State*, 170 Ga. App. 884 (1) (318 SE2d 749) (1984). This enumeration of error has no merit.

4. Barker also enumerates as error the refusal of the trial court to permit impeachment of a witness for the State by admitting into evidence the witness's conviction for criminal trespass. Any witness other than an accused may be discredited by evidence of a conviction for a crime involving moral turpitude. *Harris v. State*, 173 Ga. App. 787, 788 (2) (328 SE2d 370) (1985). Crimes involving moral turpitude are "restricted to the gravest offenses, consisting of felonies, infamous crimes, and those that are malum in se and disclose a depraved mind. [Cit.]" *Lewis v. State*, 243 Ga. 443, 444 (254 SE2d 830) (1979). This category does not include misdemeanor offenses such as obstruction of a law enforcement officer or public intoxication, *Harris v. State*, supra; simple battery, *Jabaley v. Mitchell*, 201 Ga. App. 477 (411 SE2d 545) (1991); or simple assault, *Polk v. State*, 202 Ga. App. 738, 739 (2) (415 SE2d 506) (1992).

The courts of other states have concluded that misdemeanor criminal trespass is not a crime involving moral turpitude. See *Hutson v. State*, 843 SW2d 106, 107 (Tex. App. 1992), and cases cited therein. In *Hutson*, the court observed: "Criminal trespass is not an offense that is inherently immoral or dishonest, and no culpable mental state is required for the offense, other than a volitional entry without consent or refusal to leave when requested to do so." Id. The Georgia criminal trespass statute contains similar provisions. See OCGA § 16-7-21. We agree that a misdemeanor offense of criminal trespass does not involve moral turpitude and therefore hold that the trial court properly refused to admit the conviction to impeach the witness's testimony at trial.

5. Barker asserts that the trial court erred in overruling his objection to two allegedly leading questions asked by the prosecution. In the first instance, the prosecutor asked if the witness remembered talking to the police. In the second, after the witness expressed uncertainty as to the meaning of the term "revolver," the prosecutor asked a series of questions to establish the witness's knowledge of the appearance of a revolver. " 'A judge is given latitude and discretion in permitting leading questions, and unless there has been an abuse thereof, resulting in prejudice and injury, there is no reversible error.' " *English v. State*, 234 Ga. 602 (2) (216 SE2d 851) (1975). We find no abuse of discretion, prejudice or reversible error.

6. Barker also complains, on hearsay grounds, of a police officer's testimony that the victims had identified Barker from a photographic line-up. "Testimony as to the mere fact that [a witness] identified the

defendant's picture is not inadmissible as hearsay." *Montos v. State*, 212 Ga. 764, 767 (6) (95 SE2d 792) (1956); see also *Woodard v. State*, 175 Ga. App. 449, 450 (3) (333 SE2d 645) (1985). This enumeration of error has no merit.

7. In Barker's final enumeration of error, he contends that the trial court erred in refusing to give the jury instruction known as the "two theories charge." See *Davis v. State*, 13 Ga. App. 142, 143 (1) (78 SE 866) (1913). This charge has been discredited and "is appropriate, if at all, only when the evidence relied upon by the State is entirely circumstantial. [Cits.] Since there was direct evidence of appellant's guilt, the charge was not applicable." *Poole v. State*, 205 Ga. App. 652, 653 (2) (423 SE2d 52) (1992); see also *Johnson v. State*, 210 Ga. App. 99, 102 (3) (435 SE2d 458) (1993). The trial court did not err in refusing to give this charge.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 19, 1993 —
RECONSIDERATION DENIED DECEMBER 6, 1993.

*Wayne Jernigan*, for appellant.

*John R. Parks, District Attorney, Henry O. Jones III*, for appellee.