## A96A1018. GUICE v. THE STATE.
(477 SE2d 322)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with two counts of armed robbery. The evidence adduced at a jury trial reveals that defendant committed both offenses during a convenience store holdup. The first robbery occurred when defendant used a handgun to coerce the store's counter clerk to give him money from the cash register. The second robbery occurred a few minutes later after defendant attempted to coerce the counter clerk and another store employee into a back room. When the victims refused to go, defendant took the counter clerk's purse and fled. A few minutes later, a law enforcement officer apprehended defendant near the crime scene. Defendant was in possession of a handgun, "a wad of bills . . ." and a check from the convenience store's cash register.

The jury found defendant guilty on both counts of the indictment. This appeal followed. *Held*:

1. Defendant contends the trial court should have excluded three eyewitnesses' identification testimony because on-the-scene photographic showups using his driver's license were impermissibly suggestive.

Pretermitting whether the photographic showups in question

were unduly suggestive, the controlling issue is whether, "under the totality of the circumstances, the suggestiveness of the procedure gave rise to a substantial likelihood of misidentification. *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); *Mobley v. State*, 198 Ga. App. 497 (3) (402 SE2d 100) (1991); *Pack v. State*, 182 Ga. App. 618 (356 SE2d 557) (1987)." *Reid v. State*, 210 Ga. App. 783, 785 (2), 786 (437 SE2d 646). " 'The considerations in evaluating the likelihood of misidentification include: (a) the opportunity of the witness to view the criminal at the time of the crime, (b) the witness' degree of attention, (c) the accuracy of the witness' prior description of the criminal, (d) the level of certainty demonstrated by the witness at the confrontation, and (e) the length of time between the crime and the confrontation. *Neil v. Biggers*, [supra].' *Martin v. State*, 193 Ga. App. 581, 582 (1) (388 SE2d 420)." *Phillips v. State*, 204 Ga. App. 698, 700 (2), 702 (420 SE2d 316).

In the case sub judice, the eyewitnesses had ample opportunity to observe the robber during commission of the crimes charged, all three witnesses observed the armed robber from short distances and under highly luminous conditions, the witnesses were focused on the armed robber's activities, the photographic showups were conducted less than 30 minutes after commission of the crimes charged, and all three eyewitnesses decisively identified defendant as the perpetrator of the crimes charged. These circumstances demonstrate that there is little, if any, likelihood of misidentification due to the on-the-scene showup procedures that were employed in the case sub judice. Accordingly, the trial court did not err in admitting the three eyewitnesses' identification testimony at trial.

2. Defendant asserts that the mandatory sentencing provisions contained in OCGA § 17-10-7 (b) (2) violate the Eighth Amendment to the United States Constitution. "The Georgia Supreme Court held in *Yearby v. State*, 259 Ga. 461 (385 SE2d 414) (1989) that an appellant is without standing to contest the validity of OCGA § 17-10-7 until such time as he claimed a right of parole, and the statute was asserted against him as a bar." *Stevens v. State*, 210 Ga. App. 355, 356 (4) (436 SE2d 82). Accordingly, defendant's assertion is premature.

3. Contrary to defendant's final three enumerations, the evidence was more than sufficient to authorize the jury's finding that he is guilty, beyond a reasonable doubt, of committing the crimes charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Johnson, J., concurs. Ruffin, J., concurs in the judgment only.*

DECIDED SEPTEMBER 24, 1996 —
RECONSIDERATION DENIED OCTOBER 11, 1996.

*Millard B. Morgan*, for appellant.
*Robert E. Keller, District Attorney, David B. Hornsby, Assistant District Attorney*, for appellee.