### 4094.   CARTER *et al. v.* THE STATE.

The showing for a continuance on account of the absence of material wit-
nesses for the accused being complete in all respects, it was error, re-
quiring a new trial, to place the accused upon trial in their absence.
DECIDED MAY 7, 1912.

Indictment for larceny; from Liberty superior court—Judge
Sheppard.  December 7, 1911.

*Ben. A. Way, Walter A. Way,* for plaintiffs in error.

*N. J. Norman, solicitor-general,* contra.

POTTLE, J.  As we understand the record, the accused were com-
mitted for trial by a justice of the peace, and subpœnas were then
issued by the justice for two of the defendants' witnesses, requir-
ing them to appear at the superior court and testify in behalf of
the defendants.  This was in accord with the authority conferred
upon the magistrate by the Penal Code (1910), § 943.  The wit-
nesses did appear in compliance with these subpœnas, but left
court before the case was reached for trial, in order to attend the

funeral of a near relative who had suddenly died. No subpœnas were issued for the witnesses by the clerk of the superior court. The case was postponed for one day and an officer sent for the witnesses, but they refused to come, for the reason above stated. Their testimony would have been very material. The showing was in every respect complete. The fact that they had not been subpœnaed by the clerk of the superior court would make no difference. The accused had the right to have subpœnas issued by the justice of the peace, and when the witnesses, without fault on the part of the accused, failed to be present when the case was called, the accused were entitled to a continuance, in order to obtain their presence. Section 944 of the Penal Code (1910) provides that unless the accused, at the time of commitment, avails himself of the right offered by § 943, to have his witnesses summoned by the magistrate, he would not be entitled to a continuance on account of their absence at the trial. If he does comply with the terms of § 943, he is entitled to a continuance if his witnesses fail to appear, even though he does not have subpœnas issued by the clerk of the superior court. We direct a new trial solely on account of the refusal of the judge to grant a continuance. There is no merit in any of the other assignments of error.

*Judgment reversed.*