### 12043.  HOWARD *v.* THE STATE.

BLOODWORTH, J.  Under all the facts shown on the motion to continue this case, we can not say that the trial judge abused his discretion in refusing to continue the case.

*Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*

DECIDED MARCH 8, 1921.

Indictment for assault with intent to murder; from Appling superior court—Judge Highsmith.  October 30, 1920.

On April 15, 1920, Hattie Howard was tried upon a special presentment filed on the 12th of the same month, which charged

that on March 17, 1920, she assaulted and shot Lucile Pearce with a pistol and gun, with intent to murder. The verdict was guilty of "shooting another."

In the motion for a continuance it is stated: The shooting occurred at Surrency, in Appling county, Georgia, in the presence of Lillie Bell Norwood and Estelle Walker, who both reside in Surrency, and who would swear that Lucile Pearce had a razor in hand and was chasing the defendant and trying to take the defendant's life with it, and the defendant procured a pistol from Estelle Walker and fired the shot at Lucile Pearce, and that the defendant did not start the trouble between herself and Lucile Pearce. The defendant has no other witness that was present or knows the facts about the case, whom she can summon to prove them. The defendant had subpœnas issued for these two witnesses on April 13, 1920. Immediately after the indictment was returned she delayed no time in trying to procure the attendance of these witnesses " by having them served to attend" as witnesses at this term of court. This motion is not made for delay only; these witnesses have not left the county or the place where they were, by consent or procurement of the defendant; she expects to have them present at the next term of the court and to be ready for trial then.

On the hearing of the motion the sheriff testified that he sent a bailiff to see about these witnesses; that he had two subpœnas in his hands for service, and the witnesses could not be found; that one of them had not been at work "there" since the day of the shooting. Another witness testified that she resided at Surrency, where the shooting occurred; that the two witnesses mentioned by the defendant left after the shooting and on the same day and had not been seen since; that they had been living at Surrency until that time, but had not been back, and that she did not know where they were, and did not know of anybody else who knew. The defendant testified that after the shooting she was arrested on a warrant, and was put in jail, had a trial, and was put back in jail; that when she was brought to jail she " got them to get these witnesses, to have them subpœnaed," told the deputy sheriff, who arrested her, to do this, and he told her he would see that all her witnesses were at court; and when she got out (about two weeks before making this motion) she had the clerk to issue subpœnas.

As to the whereabouts of these witnesses she testified: "I do not know where they are."

*J. B. Moore, H. L. Williams,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.