## 71378. CURRY v. THE STATE.
(340 SE2d 250)

CARLEY, Judge.

Appellant was indicted for armed robbery. He was tried before a jury and found guilty of robbery by intimidation. He appeals from the judgment of conviction and sentence entered on the jury's verdict.

1. At the call of his trial, appellant moved for a continuance based upon the absence of his sole alibi witness. The motion was denied and this ruling is enumerated as error.

" 'Each of [the] requirements [set forth in OCGA § 17-8-25] must be met before an appellate court may review a trial judge's discretion in denying a motion for continuance based upon the absence of a witness.' [Cit.]" *Ledford v. State*, 173 Ga. App. 474, 476 (326 SE2d 834) (1985). The record in the instant case shows that a warrant for appellant's arrest was issued in June of 1983. He was indicted on October 14, 1983. His case was called for trial on May 16, 1984. Nonetheless, appellant's absent alibi witness had not been subpoenaed. In fact, appellant could not even account for the witness' current whereabouts. The witness had "apparently changed addresses and subsequently joined the armed forces" and was believed to be in either Florence or Columbia, South Carolina "the best we can determine." A relative of the absent witness had been unable to furnish a current address. Appellant did not show that the witness could be procured by the next term of court, only that "mutual friends" would be able to locate the witness "in Columbia within at least three days." Appellant did not specify that his motion was not being made for purposes of delay.

On these facts, there is no basis for holding the denial of the motion was an abuse of the trial court's discretion. See generally *Morris v. State*, 66 Ga. App. 37 (16 SE2d 908) (1941); *Watts v. State*, 20 Ga. App. 182 (1) (92 SE 966) (1917); *Barlow v. State*, 24 Ga. App. 122 (99 SE 798) (1919); *Howard v. State*, 26 Ga. App. 431 (106 SE 732) (1921); *Tomlin v. State*, 110 Ga. 268 (34 SE 845) (1899).

2. Asserting that it was his sole defense, appellant enumerates as error the failure of the trial court to give, without request, an instruction as to alibi.

"Even if it is the sole defense, 'it is ordinarily not error to fail to charge specifically on alibi absent a request.' [Cit.]" *Johnson v. State*, 174 Ga. App. 751, 752 (2) (330 SE2d 925) (1985). It was not error to fail to do so in the instant case.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 30, 1986.

*G. Terry Jackson*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.