## 44442. THOMPKINS v. THE STATE.
(356 SE2d 207)

MARSHALL, Chief Justice.

Gary Bernard Thompkins appeals from his conviction of the felony murder of Henry Lee Burley and the aggravated assault of Charlie Lee Burley, for which he was sentenced to life imprisonment and a concurrent 12-years' imprisonment, respectively.[1] We affirm.

Thompkins' parents ran a "shot house," but on the day of the crimes, they were "closed" to their patrons, because Mrs. Thompkins was mourning the death of her daughter and they had invited friends to dinner. Patrons came to buy drinks. An argument ensued between patron Henry Burley and Mrs. Thompkins, because she was not selling drinks and because she asked him to leave. Mrs. Thompkins threw a glass at Henry Burley, striking him in the head. Thompkins told Henry Burley to stop cursing his mother. Thompkins and Burley got into an argument, which led to a fist fight on the front porch and in the front yard. After Thompkins' friends broke up the fight, Thompkins went into the house and returned with a .38 caliber pistol. He fired once at Henry Burley and three times at Charlie Burley, Henry's brother. Witnesses testified that neither Burley brother had a weapon or threatened Thompkins. Henry Burley died of his wound; Charlie Burley survived his wounds. Thompkins testified that he fired in self-defense when the Burley brothers and another person started toward him, and that he only fired to scare them.

---

[1] The crimes were committed on March 26, 1986. The jury returned its verdict of guilty on December 17, 1986. A motion for new trial was filed on January 9, 1987, and denied on January 27, 1987. The notice of appeal was filed on February 24, 1987. The transcript was filed on March 4, 1987. The case was docketed in this court on March 10, 1987, and submitted for decision without oral arguments on April 24, 1987.

1. The evidence showed that the appellant, after a fight with the victim, went into his residence, came back out with a gun, and fired four times at the victims, who at that time were not armed and were not moving toward or threatening the appellant in any manner. In response to the general grounds, raised in the appellant's first enumeration of error, we find the evidence produced at trial sufficient to have authorized a rational trier of fact to conclude that the appellant was guilty beyond a reasonable doubt of the murder of Henry Burley and the aggravated assault of Charlie Burley. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends in his second enumeration of error that the trial court erred in denying his application, made at the conclusion of the trial, for a second continuance for the purpose of locating a subpoenaed witness (Marion Norwood), unsuccessful efforts to locate whom had been made throughout the trial, including during the previous day, when the first continuance for that purpose had been granted.

OCGA § 17-8-25 provides: "In all applications for continuances upon the ground of the absence of a witness, it shall be shown to the court that the witness is absent; that he has been subpoenaed; that he does not reside more than 100 miles from the place of trial by the nearest practical route; that his testimony is material; that the witness is not absent by the permission, directly or indirectly, of the applicant; *that the applicant expects he will be able to procure the testimony of the witness at the next term of the court*; that the application is not made for the purpose of delay but to enable the applicant to procure the testimony of the absent witness; and the applicant must state the facts expected to be proved by the absent witness." (Emphasis supplied.)

In his application for the second continuance, the appellant's counsel stated to the court: "After the continuance yesterday my investigators have gone down to the last known residence on Jonesboro Road and talked with neighbors who said they don't even know him [Norwood]. I have no way of telling this court that I can find him if the court granted another continuance. I have no other leads at this time, your Honor." Even assuming that the other statutory terms for the granting of a continuance were met, it affirmatively appears that the requirement, "that the applicant expects he will be able to procure the testimony of the witness at the next term of the court," was not fulfilled. Accordingly, the trial court did not abuse its discretion in refusing the second continuance.

*Judgment affirmed. All the Justices concur.*

Carl P. Greenberg, for appellant.

Robert E. Wilson, District Attorney, Linda W. Hunter, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General, for appellee.