### 76723. SMITH v. THE STATE.
(373 SE2d 97)

POPE, Judge.

Defendant, Tony Gene Smith, appeals his conviction as a party to the offense of entering a motor vehicle with intent to commit a theft or felony. According to the testimony of defendant and co-defendant Robert Cook (who pled guilty), the two were mere acquaintances. Cook saw Smith walking down the road and offered to give him a ride. Smith asked to be taken to a printing company where his ex-wife was employed so he could speak to her about a child custody dispute. Cook drove around the parking lot at the printing company so Smith could see if his ex-wife's car was in the lot. Cook saw a van with the door partially open and he stopped his vehicle and entered the van. Defendant Smith sat in Cook's vehicle. Smith denied having any knowledge why Cook stopped and entered the van.

An eyewitness, who was an employee of the printing company, testified he saw Cook's vehicle stopped in front of the van as he entered the parking lot on his way to work. He knew the van belonged to a co-employee at the printing company and became suspicious when Cook seemed to hide from view inside the van. When he approached the van to investigate, Cook said, "We didn't take nothing." Defendant Smith was sitting in the driver's seat of Cook's vehicle. According to the witness, "[Smith] was definitely keeping an eye. He was watching out." Cook returned to his vehicle and defendant slid over into the passenger's seat. When the witness told Cook that he had notified the plant guard, defendant Smith said, "Come on, let's go." The co-defendants left the scene and were arrested later at defendant Smith's residence, where they were working together on Smith's automobile.

Defendant asserts (1) that the evidence was insufficient to support a conviction and (2) that the trial judge erred in denying a mistrial.

1. Presence at the scene of a crime, even when coupled with knowledge and approval, not amounting to encouragement, is not sufficient to show that defendant is a party. *Brown v. State,* 250 Ga. 862 (1) (302 SE2d 347) (1983); *Parker v. State,* 155 Ga. App. 617 (2) (271 SE2d 871) (1980). However, "[c]riminal intent may be found by the jury 'upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.' OCGA § 16-2-6." *Lunz v. State,* 174 Ga. App. 893, 895 (332 SE2d 37) (1985). "While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. [Citation and punctuation omitted.]" *Kimbro v. State,* 152 Ga. App. 893, 894 (264 SE2d 327) (1980). Defendant offered a reasonable explanation for being with the co-defendant and for being at the scene of the crime. The eyewitness' testimony that defendant appeared to be a lookout was reasonably explained by defendant's testimony that he was searching the parking lot for his ex-wife's car. Defendant explained that he had moved to the driver's seat of Cook's vehicle in order to see what was going on because Cook was talking to the eyewitness at the back of the vehicle. Defendant did not deny that he said "Come on, let's go." However, he denied that he would have any reason to try to get away from the scene because he had not heard the conversation between Cook and the eyewitness and had no knowledge of what had transpired.

All evidence against defendant was circumstantial. Defendant's testimony established a reasonable hypothesis of innocence. "To warrant a conviction on circumstantial evidence, the proved facts shall

not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. "While the circumstantial evidence raises a suspicion of defendant's guilt, it was not sufficient to exclude every other reasonable hypothesis." *Cornish v. State,* 187 Ga. App. 140, 143 (369 SE2d 515) (1988). Accordingly, we rule that the evidence was insufficient to support defendant's conviction.

2. Having determined that defendant was entitled to acquittal, we need not address the trial court's denial of defendant's motion for mistrial.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 15, 1988.

*Stanley W. Robbins,* for appellant.

*C. Andrew Fuller, District Attorney, Daniel A. Summer, Assistant District Attorney,* for appellee.