## A89A1185. ALLEN v. THE STATE.
(387 SE2d 11)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of trafficking in cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict.

1. Appellant enumerates as error the denial of his motion to suppress.

At the hearing on the motion to suppress, the State called as its only witness the officer who had conducted the search. According to this officer, he stopped appellant for speeding. After issuing a warning and returning appellant's driver's license, the officer requested consent to search the automobile and appellant agreed. After being shown a written consent form, appellant signed it. The officer further testified that he did not threaten, coerce, or make promises to obtain appellant's consent. The search of the vehicle revealed a package of cocaine taped under the back seat. Appellant, on the other hand, testified that he had refused to consent until the officer told him that the vehicle would definitely be searched anyway, either then or later. See *Radowick v. State*, 145 Ga. App. 231, 239 (4) (244 SE2d 346) (1978).

At a suppression hearing, the trial court sits as the trier of fact and determines the credibility of the witnesses. See *Rogers v. State*, 155 Ga. App. 685 (2) (272 SE2d 549) (1980). " ' "Consent searches are valid [cit.] but where the [S]tate relies upon consent, the burden is upon [it] to demonstrate that the consent was voluntary, and not the result of duress or coercion, express or implied. [Cit.] Voluntariness must be determined from all of the circumstances. [Cit.]" [Cit.]' [Cit.] Based on a careful review of the record before us, we conclude that the totality of the circumstances supported the trial court's determination that [appellant] freely and voluntarily consented to the search of the car. [Cits.]" *Lombardo v. State*, 187 Ga. App. 440, 441 (1) (370 SE2d 503) (1988).

2. Appellant enumerates the general grounds, urging that the evidence was insufficient to show his knowing actual possession of the contraband.

Because this case arose prior to March 28, 1988, the effective date of the amendment of OCGA § 16-13-31, it was incumbent upon the State to prove appellant's actual possession. See *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988); *Coleman v. State*, 189 Ga. App. 366, 368 (7) (375 SE2d 663) (1988). However, " 'the legislature [did not intend] the phrase "actual possession" . . . to mean that a person would be holding [the contraband] in his hand or have it physically on his person.' [Cits.] . . . The evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of the

crime charged. [Cits.] . . . 'If a person is driving an automobile or has an automobile in his possession, custody or control, all in that automobile is presumed to be his and in his possession.' [Cit.] Whether or not the evidence was sufficient to rebut the inference arising from the finding of the drugs in the automobile is a question for the jury to decide. [Cit.]" *Reed v. State*, 186 Ga. App. 539, 540 (367 SE2d 809) (1988). The presence of a passenger in the vehicle is immaterial to our consideration of appellant's enumeration of the general grounds. The evidence authorized the jury to find, beyond a reasonable doubt, that appellant was in knowing possession of the cocaine, either individually or jointly. See *Mendez v. State*, 185 Ga. App. 1, 2 (1) (363 SE2d 262) (1987); *Coop v. State*, 186 Ga. App. 578, 580 (2) (367 SE2d 836) (1988).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 25, 1989.

*Ralph M. Hinman III*, for appellant.
*Jack O. Partain III, District Attorney*, for appellee.