## A89A1540. OWENS v. THE STATE.
(388 SE2d 712)

CARLEY, Chief Judge.

Appellant and a co-defendant were jointly tried before a jury and both were found guilty of trafficking in cocaine. Separate notices of appeal were filed. In *Allen v. State*, 193 Ga. App. 16 (__ SE2d __) (1989), we affirmed the co-defendant's conviction and sentence and, in the present case, we now address appellant's appeal from the judgment of conviction and sentence entered against him.

1. Appellant's enumeration of the denial of his motion to suppress as erroneous is controlled by *Allen v. State*, supra at 16 (1) and is without merit.

2. The general grounds are enumerated. The contention is that, insofar as the evidence showed the co-defendant's equal access to the cocaine, it was insufficient to authorize a finding of appellant's knowing actual possession of that contraband.

In *Allen v. State*, supra at 17 (2), we held that the "evidence authorized the jury to find, beyond a reasonable doubt, that [the co-

defendant] was in knowing possession of the cocaine either *individually or jointly.* [Cits.]" (Emphasis supplied.) The evidence likewise authorized the identical finding as against appellant. Accordingly, the evidence was sufficient. See also *Dukes v. State*, 186 Ga. App. 815 (369 SE2d 259) (1988); *McIntosh v. State*, 185 Ga. App. 612, 615 (5) (365 SE2d 464) (1988).

3. Appellant enumerates as error the trial court's admission into evidence of an in-custody statement made by the co-defendant.

The co-defendant did not testify at the joint trial. Under *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) [(1968)], " '[t]he law is clear that evidence of the confession of a co-defendant *implicating a defendant* cannot be admitted against that defendant at a joint trial where the co-defendant does not take the stand and is not available for cross-examination. [Cits.]' " (Emphasis supplied.) *Hall v. State*, 161 Ga. App. 521, 522 (1) (289 SE2d 313) (1982). "For the admission of a co-defendant's statements to constitute a *Bruton* violation, however, the statements *standing alone* must *clearly inculpate* the defendant. [Cits.]" (Emphasis supplied.) *United States v. De Parias*, 805 F2d 1447, 1455 (8) (11th Cir. 1986). Since the record shows that the co-defendant's statement, standing alone, was not inculpatory of appellant, it follows that the trial court did not err in admitting that statement into evidence.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 6, 1989 —
REHEARING DENIED NOVEMBER 27, 1989.

*Bates, Kelehear & Starr, Harlan M. Starr,* for appellant.
*Jack O. Partain III, District Attorney,* for appellee.