*District Attorney*, for appellee.

## A90A0340. EZE v. THE STATE.
(393 SE2d 758)

CARLEY, Chief Judge.

Appellant and a co-defendant were tried before a jury and found guilty of trafficking in cocaine. He appeals from the judgment of conviction and sentence that were entered by the trial court on the jury's guilty verdict.

1. The cocaine was found in an automobile that the co-defendant was driving and appellant was occupying as the sole passenger. Appellant enumerates the general grounds, urging that the State failed to rebut the presumption that all that is contained within an automobile is presumed to be in the possession of the driver. However, when construed most favorably for the State, the evidence also showed the following: The automobile had been rented by appellant's wife; appellant gave contradictory statements concerning how the package containing the cocaine came to be in the automobile; and, appellant's jacket was covering the cocaine.

"Since there was some evidence offered in an attempt to rebut the presumption . . . , there was a question of fact for the jury to resolve." *Reed v. State*, 186 Ga. App. 539, 540 (367 SE2d 809) (1988). The evidence was sufficient for a rational trior of fact to find, beyond a reasonable doubt, that appellant was in knowing possession of the cocaine, either individually or jointly, and thus that he was guilty of the crime charged. *Owens v. State*, 193 Ga. App. 661 (2) (388 SE2d 712) (1989). See also *Allen v. State*, 193 Ga. App. 16 (2) (387 SE2d 11) (1989).

2. At the call of the case for trial, appellant moved for a continuance based upon the absence of two defense witnesses. The motion was denied and this ruling is enumerated as error.

" ' "Each of (the) requirements (set forth in OCGA § 17-8-25) must be met before an appellate court may review a trial judge's discretion in denying a motion for continuance based upon the absence of a witness." (Cit.)' [Cit.]" *Curry v. State*, 177 Ga. App. 609 (1) (340 SE2d 250) (1986). Appellant concedes that these requirements were not met, but urges that the denial of his motion was nevertheless erroneous because the State had been previously granted five continuances. However, each motion for a continuance must stand or fall on its own merits, and the mere fact that the State had met *its* burden on five previous occasions does not require a ruling that appellant was relieved of *his* burden on this occasion. Thus, "there is no basis for holding the denial of the motion was an abuse of the trial court's dis-

cretion. [Cits.]" *Curry v. State*, supra at 609 (1).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 2, 1990.

*John W. Sherrer, Jr.*, for appellant.

*John C. Pridgen, District Attorney*, for appellee.