## A91A1589. GARRETT v. THE STATE.
### (414 SE2d 693)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of three counts of burglary. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

After the close of the State's evidence, appellant informed the trial court of the absence of a witness who had been subpoenaed to appear for the defense. According to appellant, this witness had attended the first day of trial, but was absent on the second day when he was to be called to take the stand. Appellant requested and received a postponement, during which he was unsuccessful in locating the witness. Appellant then moved for a continuance "until [such time as the witness could] be found." According to appellant, the absent witness would "corroborate [appellant's] statement as to alibi." In response to the trial court's inquiry, however, appellant was unable to offer any reasonable assurance as to exactly when this witness would be available. The denial of this motion for continuance is enumerated as error.

In all cases wherein a continuance is sought upon the ground of the absence of a witness, the movant " 'must make a showing of the requirements set forth in OCGA § 17-8-25 (cit.), i.e., the witness is absent, he has been subpoenaed, he does not reside more than 100 miles from the place of trial, his testimony is material, the absence is not with permission of the applicant, his testimony can be procured by the next term of court, the facts expected to be proved, and that application is not made for the purpose of delay.' [Cit.]" *Ledford v. State*, 173 Ga. App. 474, 476 (3) (326 SE2d 834) (1985). Each of the requirements set forth in OCGA § 17-8-25 must be met before an appellate court may review the exercise of the trial court's discretion in denying a motion for continuance based upon the absence of a witness. *Eze v. State*, 195 Ga. App. 503 (2) (393 SE2d 758) (1990). Here, appellant was unable to show that the presence of the absent witness could be procured so as to authorize a continuance of the case. "On these facts, there is no basis for holding the denial of the motion was an abuse of the trial court's discretion. [Cits.]" *Curry v. State*, 177 Ga. App. 609 (1) (340 SE2d 250) (1986). See also *Thompkins v. State*, 257 Ga. 113, 114 (2) (356 SE2d 207) (1987).

*Judgments affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 8, 1992.

*Joseph W. Jones, Jr.*, for appellant.
*William G. Hamrick, Jr.*, District Attorney, *Peter J.*

*Skandalakis, Assistant District Attorney*, for appellee.