### A93A0706. GRIGGS v. THE STATE.
(432 SE2d 591)

McMurray, Presiding Judge.

Defendant Griggs and co-defendant Moss were jointly charged, via indictment, with selling cocaine in violation of the Georgia Controlled Substances Act. Co-defendant Moss entered a guilty plea and defendant Griggs was tried before a jury. The evidence adduced at a jury trial revealed the following:

At about 6:00 p.m. on February 10, 1992, Special Agent Darrell Bernard Chaneyfield of the Georgia Bureau of Investigation and a confidential informant went to defendant's home to consummate a pre-arranged undercover drug buy. Defendant "answered the door and . . . the confidential informant asked Mr. Griggs was he ready to . . . sell the cocaine[. Defendant] said yes [and informed Special Agent Chaneyfield and the confidential informant that] Shawn Moss had been looking for [them and then defendant instructed the men to] come back in about ten minutes because he . . . had to go up the road for a minute to pick up the cocaine." At 6:15 p.m., Special Agent Chaneyfield and the confidential informant returned and co-defendant "Shawn Moss opened the door and let [Special Agent Chaneyfield and the confidential informant] inside the residence [and] back into a small area like a kitchen . . . ." Defendant Griggs, co-defendant Moss and special agent Chaneyfield sat at the kitchen table. The confidential informant remained standing. Special Agent Chaneyfield then "asked Mr. Moss for the cocaine and he handed [the special agent] the cocaine which was in a white paper towel and . . . had a cookie shape form." The special agent "took it from Mr. Moss and observed it [and] asked him how much was it. [Co-defendant Moss] said five hundred dollars." After negotiating over price, Agent Chaneyfield "handed [co-defendant Moss] the money and [Moss] handed [over] the cocaine." Special Agent Chaneyfield then "asked Mr. Griggs, did he have anything that I could put this in . . . because [the special agent] didn't want to walk through the house with it in [his] pocket. [Defendant Griggs] said the best thing . . . was a paper towel."

Defendant was found guilty of selling cocaine and this appeal followed. *Held*:

1. In his first three enumerations, defendant contends the evi-

dence is insufficient to authorize a finding that he was a party to the crime of selling cocaine.

"Presence at the scene of a crime, even when coupled with knowledge and approval, not amounting to encouragement, is not sufficient to show that defendant is a party. *Brown v. State*, 250 Ga. 862 (1) (302 SE2d 347) (1983); *Parker v. State*, 155 Ga. App. 617 (2) (271 SE2d 871) (1980). However, '(c)riminal intent may be found by the jury "upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6.' *Lunz v. State*, 174 Ga. App. 893, 895 (332 SE2d 37) (1985). 'While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. (Citation and punctuation omitted.)' *Kimbro v. State*, 152 Ga. App. 893, 894 (264 SE2d 327) (1980)." *Smith v. State*, 188 Ga. App. 415, 416 (1) (373 SE2d 97). In the case sub judice, Special Agent Chaneyfield testified that defendant informed the confidential informant that he was ready to consummate the drug transaction and that he needed ten minutes to retrieve the cocaine. Special Agent Chaneyfield further testified that defendant was present, before, during and after the drug buy and that defendant gave him specific instructions on how to conceal the cocaine. This evidence reveals that defendant was more than a mere bystander to the illegal drug transaction. It sufficiently authorizes the jury's finding that defendant is guilty, beyond a reasonable doubt, of being a party to the crime of selling cocaine in violation of the Georgia Controlled Substances Act. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Jackson v. State*, 193 Ga. App. 636 (1), 638 (388 SE2d 881).

2. Defendant contends the trial court erred in denying his motion for a continuance based on a defense witness' failure to appear at trial.

After voir dire, defense counsel moved for a continuance based on the absence of defense witness Glen Moore. Defense counsel stated that Moore resides in Homestead, Florida, and that the witness is not in court because of a home emergency brought on by the destruction of a Florida hurricane. Defense counsel stated that Moore witnessed the drug deal and that Moore "will testify that [defendant] Griggs had nothing to do with this sales transaction." However, defense counsel admitted that he did not subpoena Moore when the witness was in the jurisdiction of the trial court, explaining that the witness gave "his assurance that he would be [in court]."

" ' "Each of (the) requirements (set forth in OCGA § 17-8-25) must be met before an appellate court may review a trial judge's dis-

cretion in denying a motion for continuance based upon the absence of a witness." (Cit.)' *Ledford v. State*, 173 Ga. App. 474, 476 (326 SE2d 834) (1985)." *Curry v. State*, 177 Ga. App. 609 (1) (340 SE2d 250). This Code section provides, in pertinent part, that "[i]n all applications for continuances upon the ground of the absence of a witness, it shall be shown to the court . . . that he has been subpoenaed [and] that he does not reside more than 100 miles from the place of trial by the nearest practical route. . . ." OCGA § 17-8-25. In the case sub judice, defendant failed to satisfy either of these specific requirements. Consequently, there is no basis for overruling the trial court's discretion in denying the motion for continuance. *Curry v. State*, 177 Ga. App. 609 (1), supra.

3. In his final three enumerations, defendant contends the trial court erred in instructing co-defendant Moss, in the presence of the jury, that the witness was not required to respond to defense counsel's questions on direct examination. Defendant argues that the trial court's instruction clouded the witness' veracity and was erroneous, reasoning that co-defendant Moss gave up his right against self-incrimination when he entered a plea of guilty. Defendant further argues that the trial court's instruction resulted in the witness' refusal to respond to defense counsel's question, thereby depriving him of a fair trial under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

"Grounds which may be considered on motion for new trial or on appeal are limited to those which were raised at trial. *Pulliam v. State*, 236 Ga. 460, 465 (224 SE2d 8); *Fowler v. State*, 155 Ga. App. 76 (2) (270 SE2d 297). As the issue argued on appeal was not raised before the trial court, [defendant's final three enumerations present] no question for consideration on appeal." *Proffitt v. State*, 181 Ga. App. 564, 565, 566 (2) (353 SE2d 61) (1987).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MAY 28, 1993.

*Glenn Zell, Rodney S. Zell*, for appellant.
*Peter J. Skandalakis, District Attorney, Lynda S. Engel, Assistant District Attorney*, for appellee.