A94A0034. GRANT v. THE STATE.
(442 SE2d 898)

Birdsong, Presiding Judge.

Carlos Tad Grant was tried before a jury and found guilty of selling cocaine. He appeals from the judgment of conviction and life sentence entered by the trial court on the jury's verdict of guilt. *Held*:

1. Appellant was jointly indicted with Bruce Buckner for a single count of selling cocaine. According to the jacket of the indictment, Buckner pled guilty to this charge on August 11, 1992. Pursuant to appellant's written demand for speedy trial, his own trial date was specially set for November 17, 1992. On November 10, 1992, appellant's counsel obtained an order from the trial court directing the sheriff to produce Buckner at trial. At the time this order was entered, the trial court was aware that Buckner was in custody at the Diagnostic Center in Jackson, Georgia, and this fact is recited in its order. When the case was sounded for trial, the sheriff was unable to produce Buckner. Counsel stated that he had been informed by the sheriff that the Diagnostic Center would not produce an inmate as a witness without ten days notice. Appellant moved for a continuance in order to produce Buckner and the denial of that motion is enumerated as error.

"In all cases wherein a continuance is sought upon the ground of the absence of a witness, the movant must make a showing of the requirements set forth in OCGA § 17-8-25, i.e., the witness is absent, he has been subpoenaed, he does not reside more than 100 miles from the place of trial, his testimony is material, the absence is not with permission of the applicant, his testimony can be procured by the next term of court, the facts expected to be proved, and that application is not made for the purpose of delay. Each of the requirements set forth in OCGA § 17-8-25 must be met before an appellate court may review the exercise of the trial court's discretion in denying a motion for continuance based upon the absence of a witness." (Citations and punctuation omitted.) *Garrett v. State*, 202 Ga. App. 463 (414 SE2d 693). Conversely, it is error requiring a new trial to deny the accused a continuance, upon a complete showing of the requirements of this Code section. *Frost v. State*, 91 Ga. App. 618 (86 SE2d

646). The State opposed the continuance on the ground that the testimony of Buckner was not material and on the ground that he had not been subpoenaed.

(a) Appellant's proffer showed that he expected Buckner to testify that he, Buckner, and not appellant, was the one who sold cocaine to the undercover agent. This eyewitness testimony was very material for, if found credible, it would tend to establish directly appellant's innocence as well as contradict the evidence of the State that appellant was the seller while Buckner was a bystander. We note that Buckner's testimony would have been admissible. While it is an old and sound rule which excludes as incompetent any hearsay testimony relating statements attributed to an out-of-court declarant to the effect that the declarant, and not the accused, was the perpetrator of a crime (see *Lyon v. State*, 22 Ga. 399), that long-standing rule does not apply to exclude evidence that the declarant is the perpetrator where "the declarant is present, testifies, and is subject to cross-examination." *Guess v. State*, 262 Ga. 487, 489 (2) (422 SE2d 178). The denial of appellant's motion for continuance in order to obtain Buckner's presence cannot be sustained on the ground that his testimony would not have been material to appellant's defense. Compare *Daniel v. State*, 180 Ga. App. 179, 180 (4) (348 SE2d 720).

(b) It is undisputed that appellant did not subpoena Buckner to appear and testify at trial. It is, however, uncontradicted that Buckner would have appeared voluntarily but for the fact that he was under sentence and incarcerated after having pled guilty to the charge for which appellant also was on trial. As soon as it was discovered that Buckner had been transferred from the county jail to the Diagnostic Center, appellant's counsel wasted no time in obtaining the order of the superior court directing that Buckner be produced for trial.

In opposing appellant's motion for new trial grounded on the absence of Buckner, the State urged that appellant's failure to subpoena Buckner was fatal to his motion for continuance, relying on OCGA § 17-7-192. That Code section provides: "A defendant who fails to use the subpoena power provided for in Code Section 17-7-191, when it is within his power to do so, shall not be entitled to a continuance because a witness material to his defense is not in attendance at the term of the court when his case is called for trial."

Contrary to the State's argument, OCGA § 17-7-192 does not require a subpoena to be issued by the clerk of court *in addition* to an order of the superior court commanding the presence of an inmate witness. Such a requirement would elevate form over substance. This Code section does not mandate an empty formality but prescribes the exercise of due diligence. See *Rumsey v. State*, 126 Ga. 419 (1) (55 SE 167). Here, appellant's counsel had obtained the ex parte order of the

superior court commanding the custodian of the inmate Buckner to produce him as a defense witness for a criminal trial on the same day that Buckner had been transferred from the county jail into the State system. This was seven days before trial. "*Any* judge of the superior court may issue his order to *any* officer having a lawfully imprisoned person in his custody, *requiring* the production of such person before his court for the purpose of giving evidence in any criminal cause pending therein, *without any formal application* or writ of habeas corpus for that purpose." (Emphasis supplied.) OCGA § 24-10-61. The production order of the superior court issued pursuant to OCGA § 24-10-61 was sufficient, in lieu of a subpoena issued by the clerk pursuant to OCGA § 17-7-191, to demonstrate appellant's due diligence in compliance with the requirements of OCGA § 17-8-25. Accordingly, appellant's "showing [under OCGA § 17-8-25] was in every respect complete. The fact that [the inmate witness, whose presence had been commanded pursuant to OCGA § 24-10-61,] had not [*also*] been subpoenaed by the clerk of the superior court would make no difference. The accused had the right to have [the presence of the inmate compelled by court order, pursuant to OCGA § 24-10-61], and when the [witness], without fault on the part of the accused, failed to be present when the case was called, the accused [was] entitled to a continuance, in order to obtain [his] presence. [OCGA § 17-7-192] provides that unless the accused, at the time of commitment, avails himself of the right offered by [OCGA § 17-7-191], to have his witnesses summoned by [subpoena issued by] the magistrate [or the clerk of the court to which he is committed], he would not be entitled to a continuance on account of their absence at the trial. If he does comply with the terms of [OCGA § 17-7-191], he is entitled to a continuance if his witnesses fail to appear, even though he does not have subpoenas issued by the clerk of the superior court." *Carter v. State*, 11 Ga. App. 141, 142 (74 SE 846). Since the production order of the superior court issued pursuant to OCGA § 24-10-61 is an alternative summons to a subpoena issued by the magistrate as authorized by OCGA § 17-7-191, and the record demonstrates that appellant's counsel acted with dispatch and all due diligence, we "direct a new trial solely on account of the refusal of the judge to grant a continuance." Id.

2. Appellant's objections to the prosecutor's use of peremptory challenges are rendered moot by our disposition in Division 1.

*Judgment reversed. Cooper and Blackburn, JJ., concur.*

DECIDED MARCH 25, 1994.

*William J. Mason*, for appellant.

*Douglas C. Pullen, District Attorney, Mark C. Post, Assistant District Attorney*, for appellee.