## A97A0775. KNOX v. THE STATE.
### (489 SE2d 582)

SMITH, Judge.

Louis Knox was convicted by a jury of four counts of aggravated assault with a deadly weapon. OCGA § 16-5-21 (a) (2). Judgment was entered on the jury's verdict, and Knox appeals. He raises two enumerations of error, both addressing the trial court's refusal to grant a continuance. Because Knox did not meet all requirements of OCGA § 17-8-25, the trial court did not abuse its discretion in denying the motion, and we therefore affirm.

Construed to support the verdict, evidence was presented that the victim was hanging pictures inside his apartment when he heard a loud knock at his door. His mother, grandmother, and niece were inside the apartment, either in the living room where he was hanging pictures or in the nearby dining room. He opened the door, and Knox gave him a bag of clothes to give to a mutual friend. The victim closed the door and heard another loud knock approximately 20 seconds later. He opened it and saw Knox "standing there with a gun pointed directly at me." Knox stated, "This is for you and your mother" and fired the gun. The victim slammed the door, picked up a hammer from the couch, and ran outside after Knox. He struck Knox with the hammer, the two men struggled, and Knox eventually fled.

Mid-trial, after the State rested its case, Knox requested a continuance to find his sole defense witness. His attorney stated he did not learn until the night before the trial began of the witness's material testimony — that the victim told the witness that the victim had a hammer in his hand when he opened the door, "ready to defend himself." According to defense counsel, he released the witness from the subpoena on August 26 but told him to "return first thing in the morning." The trial court denied the motion on the ground that Knox acted in bad faith by failing to provide a list of witnesses to the State until the day of trial.[1]

---

[1] The day Knox's trial began, before a jury was selected, the State raised an issue con-

Knox contends that discovery abuse was not a proper basis for denying the request for a continuance. But regardless of whether the alleged violation of the reciprocal discovery statute, OCGA § 17-16-1 et seq., was a basis for denying Knox's motion, the trial court's ruling was correct. Knox's motion was deficient under OCGA § 17-8-25. Before a continuance due to a witness's absence may be granted, the movant must show that the witness has been subpoenaed; that the witness does not reside more than 100 miles from the place of trial; that testimony of the witness is material; that the witness is not absent by permission of the movant; that testimony of the witness can be procured by the next term of court; and that the motion is not made for dilatory purposes. The movant must also state the facts expected to be proved by the witness. OCGA § 17-8-25; *Caver v. State*, 215 Ga. App. 711, 712 (2) (452 SE2d 515) (1994). Each of these requirements must be met before this Court may review a trial judge's discretion in denying a motion for continuance based on the absence of a witness. *Eze v. State*, 195 Ga. App. 503 (2) (393 SE2d 758) (1990).

Denial of the motion was correct on several bases. First, defense counsel showed only that he had "somebody going out to [the witness's] house right now looking for him" and that the witness would go into work at 6:00 p.m. that night, where he could be reached by telephone. This fell short of showing that the witness could be procured by the next term of court. See generally *Garrett v. State*, 202 Ga. App. 463 (414 SE2d 693) (1992). Knox also did not show that the witness's testimony was material. His counsel claimed the witness would testify that Williams came to the door with the hammer in his hand. Some evidence was presented of this fact, however, through the prior written statement of one of the State's witnesses and through testimony on cross-examination of the investigating police officer. The absent witness's testimony was therefore merely cumulative, which provided yet another valid basis for the· trial court's refusal to grant a continuance. See *Stafford v. State*, 187 Ga. App. 401, 402 (2) (370 SE2d 646) (1988). Finally, we note that Knox's attorney stated prior to trial that he was ready to proceed with the

---

cerning defense counsel's failure to provide a witness list. Defense counsel stated that he had only one witness that he "may or may not be able to call and may not want to call." After the trial court expressed its concern about counsel's refusal to answer questions concerning the witness's expected testimony, counsel finally stated that he expected that the witness "may" contradict the victim's statements. The trial court indicated a willingness to consider continuing the trial "so as to insure the defendant getting this witness in and giving the State an opportunity to interview the witness" but also cautioned that the trial would proceed if defense counsel failed to provide "any kind of real answer . . . to any of my questions." No continuance was requested at that time. In fact, defense counsel stated, "I'm ready to proceed."

trial, thus waiving any right to a continuance. See *Raines v. State*, 186 Ga. App. 239, 240 (366 SE2d 841) (1988). Because Knox failed to meet all requirements of OCGA § 17-8-25, the trial court did not err in denying his motion for a continuance.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JULY 16, 1997 — 

*Richard D. Hobbs*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.