A10A0365. BROWN v. THE STATE.
(695 SE2d 698)

PHIPPS, Presiding Judge.

In a bifurcated trial, a jury found Roy Brown guilty of aggravated assault and possession of a firearm during the commission of a

---

felony. Sitting without a jury, the trial court found Brown guilty of possession of a firearm by a convicted felon. Brown appeals from the convictions, claiming: (1) he was denied effective assistance of trial counsel; and (2) the trial court erred in denying his trial counsel's request for a longer continuance. Because the arguments are without merit, we affirm the convictions.

The evidence showed the following. Brown lived in an apartment with his child's mother, Shaquea Corley. The relationship ended in February 2006, and Brown moved out. Although Brown had a key to the apartment, Corley did not allow him to use it after their relationship ended.

On the evening of July 8, 2006, Corley left her apartment and returned shortly before 6:00 the next morning with her sister and a friend. As the women turned on the light and entered the apartment, Corley saw a man sitting on her bed. Corley screamed Brown's name and began running. The man pointed a gun at Corley and went toward the women. The three women ran out of the apartment and toward a nearby police precinct. A neighbor saw the women running from the apartment and heard Corley yell, "he's crazy. Call the cops." By the time police arrived, the man was gone. All of the women knew Brown and identified him as the assailant.

1. Brown contends trial counsel was ineffective because he failed to subpoena a witness who would have testified that Brown was elsewhere when the crimes occurred. This claim is without merit.

A criminal defendant asserting an ineffective assistance of counsel claim bears the burden of showing: (a) that counsel's performance was deficient; and (b) that the deficient performance prejudiced the defense by creating "a reasonable probability that but for counsel's errors, the outcome of the trial would have been different."[1] On appeal, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[2]

At the call of the calendar on August 20, 2007, trial counsel announced that he was ready for trial, subject to the production of a jailed alibi witness. Trial counsel presented the court with a writ of habeas corpus ad testificandum,[3] which the trial court signed, ordering the sheriff to bring the witness to court to testify at Brown's trial on August 22, 2007. Counsel delivered a certified copy of the

---

[1] *Dyer v. State*, 295 Ga. App. 495, 498 (1) (672 SE2d 462) (2009) (citation and punctuation omitted), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[2] *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

[3] A writ of habeas corpus ad testificandum may be issued by the superior court to cause the production in court of a witness under legal imprisonment. OCGA § 24-10-62. See *Brand v. State*, 154 Ga. App. 781, 784 (270 SE2d 206) (1980).

order to the sheriff's office, and was told by deputies there that the prisoner would be brought to court on the designated date.

At the end of the first day of trial, August 22, 2007, trial counsel told the court that he intended to call the alibi witness to testify. When asked whether the witness was in court, the deputy replied that he was not, as the witness was not in the sheriff's custody. Counsel responded that he "thought we had a habeas corpus ad testificandum," that the witness was supposed to have been held until he testified, and that the sheriff was ordered to bring the witness to court. The deputy remarked that the witness "was released, time served." The trial court adjourned for the day and instructed trial counsel to locate the witness and have him in court the next morning.

The following morning, trial counsel announced to the court that he had found the witness's mother and girlfriend, and had the witness's cell phone number, but that he was unable to find the witness. The trial court remarked that the witness had pled guilty to an aggravated assault charge and was released from custody on August 21, 2007, but that "no one in this room knew he was getting out." Trial counsel stated that the witness was being held in the area of the jail reserved for those charged with "serious felonies," and that had he known the witness was going to be released, he would have subpoenaed him. Counsel requested a continuance, stating that he was not prepared to go forward until he could produce the witness. The court deferred ruling on the matter and allowed the state to proceed with its case.

That afternoon, the trial court continued the discussion. The trial court stated that it had contacted the witness's probation officer and asked him to have the witness call the judge's office, and gave counsel a phone number the court had obtained for the witness. The court then learned that the witness had returned the court's phone call earlier in the day. When the witness was asked during the phone conversation whether he would come to court, the witness said he would call back in ten minutes. The witness did not call back. The court offered to continue the trial until the next morning. Trial counsel declined the offer, stating that there would not be enough time to find and subpoena the witness.[4]

Trial counsel was not deficient for failing to subpoena the witness. At the time counsel obtained the writ of habeas corpus ad testificandum, the witness was in jail. Such an order is sufficient to

---

[4] Because Brown does not claim that trial counsel was ineffective for declining the trial court's offer to continue the case until the next morning so counsel could try to locate and subpoena the witness, we will not address the issue.

bring a lawfully imprisoned witness to court.[5] Counsel explained that he did not serve the witness with a subpoena because the witness lacked the ability to come to court on his own while a prisoner in the county jail,[6] and he saw no reason to do a meaningless act. All of these events — the signing of the production order, the release of the witness, and the date the witness was expected to testify — were within a three-day time period.

Even if in retrospect trial counsel's decision to obtain only a writ of habeas corpus ad testificandum appears unwise, effectiveness is not judged by hindsight or result.[7] Georgia courts recognize a strong presumption that trial counsel was effective.[8] The law does not require "errorless counsel, and not counsel judged ineffective by hindsight, but counsel rendering reasonably effective assistance."[9] "The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case."[10] Applying these principles to the present case, where the jury acquitted Brown of burglary and one count of possessing a firearm during the commission of a felony, we cannot say that he was denied his constitutional right to effective assistance of counsel on the ground that counsel failed to serve a jailed witness with a subpoena in addition to obtaining a writ of habeas corpus ad testificandum. Brown's failure to satisfy the deficiency prong of the ineffective assistance of counsel test is fatal to his ineffectiveness claim.[11]

2. Brown's claim that the trial court erred in denying his request for a longer continuance in order to procure the absent witness's testimony is also without merit.

OCGA § 17-8-25 provides that in all applications for continuance upon the ground of the absence of a witness, it shall be shown to the court that the witness is absent; that he has been subpoenaed; that he does not reside more than 100 miles from the place of trial; that his testimony is material; that the witness is not absent by permission of the applicant; *that the applicant expects he will be able to procure the witness's testimony at the next term of court*; that the application is not made for the purposes of delay; and the facts the applicant expects to be proved by the absent witness. "Each of the

---

[5] See *Grant v. State*, 212 Ga. App. 565, 566-567 (1) (b) (442 SE2d 898) (1994); *Brand*, supra.

[6] See *Johnson v. State*, 177 Ga. 881, 883 (171 SE 699) (1933); see generally *Grant*, supra.

[7] *Dyer*, supra at 466 (1).

[8] *Nava v. State*, 301 Ga. App. 497, 498 (1) (687 SE2d 901) (2009).

[9] *Martin v. State*, 300 Ga. App. 419, 421 (3) (685 SE2d 399) (2009).

[10] *Dyer*, supra at 465 (1) (citation and punctuation omitted).

[11] See generally *Nichols v. State*, 288 Ga. App. 118, 120 (3) (a) (653 SE2d 300) (2007).

requirements set forth in OCGA § 17-8-25 must be met before an appellate court may review the exercise of the trial court's discretion in denying a motion for continuance based upon the absence of a witness."[12]

Trial counsel declined the court's offer to continue the trial until the next day in order to secure the attendance of the alibi witness. In requesting a continuance beyond the next morning, counsel made no claim or showing that he expected to be able to procure the witness's testimony at the next term of court. So, even if the other statutory terms for the granting of a continuance had been met, the requirement that the witness's testimony would be procured at the next term of court was not fulfilled. The grant or denial of a continuance is addressed to the sound legal discretion of the trial court, and the court's ruling will not be disturbed absent a clear abuse of discretion.[13] The trial court did not abuse its discretion by denying Brown's counsel's request for an indefinite continuance.[14]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED MAY 24, 2010.

*David J. Koontz*, for appellant.
*Patrick H. Head, District Attorney, Lynne G. Voelker, Assistant District Attorney*, for appellee.

---

[12] *Grant*, supra at 565 (1) (citation and punctuation omitted).
[13] *Anthony v. State*, 276 Ga. App. 107, 109 (2) (622 SE2d 450) (2005).
[14] See *Thompkins v. State*, 257 Ga. 113, 114 (2) (356 SE2d 207) (1987); *Anthony*, supra.
[1] According to Stegeman's answer, Caffrey, who was not named as a defendant in Heritage Bank's petition, passed away in 2003.