A11A0679. BAILEY v. THE STATE.
(710 SE2d 656)

MIKELL, Judge.

Gerard Anthony Bailey was convicted of possession of cocaine, possession of marijuana, and possession of an open container of an alcoholic beverage in a motor vehicle. Following the denial of his motion for new trial, and pursuant to the grant of an out-of-time appeal, Bailey contends that the trial court abused its discretion in denying his motion for continuance to procure the testimony of an absent witness. We disagree and affirm.

The denial of a motion for continuance is addressed to the sound discretion of the trial court, and the court's ruling will not be disturbed absent a clear abuse of its discretion,[1] which has not been demonstrated here. The record shows that Bailey's trial commenced

---

[18] (Punctuation and emphasis omitted.) Id. at 367 (4).

[1] *Brown v. State*, 304 Ga. App. 168, 171-172 (2) (695 SE2d 698) (2010); accord *Riggins v. State*, 206 Ga. App. 239, 241 (2) (424 SE2d 879) (1992).

on Wednesday, March 17, 2010, and the state rested its case at approximately 3:40 p.m. that day. Defense counsel informed the court that he was unable to contact a witness who had been subpoenaed and who had appeared at the calendar call on Monday, and counsel requested that trial be adjourned until the next day so that he might procure the witness's attendance. The witness was the driver of the vehicle in which Bailey was a passenger when it was stopped; the arresting officer saw Bailey kick a plastic bag containing the contraband out of his sock as he exited the vehicle. Counsel had telephoned the witness on multiple occasions Tuesday evening and Wednesday but had received no response. In denying counsel's request to adjourn the trial early, the trial court noted that the case had been put on a two-hour call on Monday; that counsel did not move for a continuance prior to trial due to the absence of the witness; that jeopardy had attached; and that there was no indication that the witness would appear the next day if the trial adjourned early.

Requests for continuances founded upon the absence of a witness are governed by OCGA § 17-8-25, and all of the requirements set forth in that statute must be met before an appellate court may review the exercise of the trial court's discretion in denying a motion for continuance on that ground.[2] The statutory requirements are:

> (1) that the witness is absent[;] (2) that he has been subpoenaed[;] (3) that he does not reside more than 100 miles from the place of trial . . . [;] (4) that his testimony is material[;] (5) that the witness is not absent by permission . . . of the movant[;] (6) that [the] movant expects to be able to procure the testimony of the witness at the next term of court[;] (7) that the continuance is not requested for purposes of delay . . . and, (8) the facts expected to be proved by the absent witness must be stated.[3]

In the case at bar, the fourth, sixth and eighth requirements of OCGA § 17-8-25 were not met. Bailey did not establish, either at trial or at the hearing held on his motion for new trial, that the absent witness's testimony was material or that Bailey expected to be able to procure his testimony during an adjournment. Moreover, Bailey never stated any facts that he expected to prove through the testimony of the absent witness. Under these circumstances, it cannot be said that the trial court abused its discretion in denying

---

[2] *Brown*, supra at 172 (2).

[3] *Beasley v. State*, 115 Ga. App. 827-828 (1) (156 SE2d 128) (1967).

the motion for continuance.[4]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED MAY 3, 2011.

*Alfred D. Dixon*, for appellant.

*Tracy Graham-Lawson, District Attorney, Stephen N. Knights, Jr., Assistant District Attorney*, for appellee.

---

[4] See *Riggins*, supra at 241-242 (2).