**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**February 10, 2015**

# In the Court of Appeals of Georgia

A14A2132. LEWIS v. THE STATE.

MCFADDEN, Judge.

David T. Lewis was convicted in a bench trial of false imprisonment, abuse of an elderly person, aggravated assault, and hindering a person from making an emergency call. He appeals his convictions, arguing that the trial court erred by denying his request for continuance. Lewis requested that continuance on the day of trial, after firing his fourth attorney. We find that the trial court did not err and therefore affirm Lewis's convictions.

Lewis was indicted for the crimes on February 21, 2012. Attorney David E. Morgan III filed an entry of appearance on May 19, 2012, and filed various motions. The record contains no document regarding Morgan's withdrawal, but on April 15, 2013, attorney J. Frank Smith, Jr. filed an entry of appearance and various motions.

Lewis asked Smith to withdraw, and, on July 15, 2013, Smith filed a motion to do so. The trial court granted Smith's motion to withdraw. Shortly thereafter, attorney Sarah Riedel entered an appearance on Lewis's behalf and filed motions. But less than a month later, Lewis filed a pro se pleading consenting to Riedel's withdrawal from the case. Attorney Thomas F. Jarriel then began representing Lewis.

On Monday, October 7, 2013, the trial court held a calendar call at which Lewis waived his right to a jury trial; Jarriel, Lewis's attorney, announced that he was ready for trial; and the court set Lewis's trial for Friday, October 11. When the case was called that Friday, Lewis indicated that he wanted to discharge Jarriel and sought a continuance. The court allowed Jarriel to withdraw but denied the request for a continuance. The bench trial proceeded with Lewis representing himself and the trial court found him guilty.

Lewis now appeals, arguing that the trial court abused his discretion in denying his motion for continuance.

"All applications for continuances are addressed to the sound legal discretion of the court. . . ." OCGA § 17-8-22. "The defendant's conduct is obviously relevant and is a proper consideration for the judge in the exercise of his discretion. The reason for this is to prevent the defendant from using discharge and employment of

counsel as a dilatory tactic." *McConnell v. State*, 263 Ga. App. 686, 687 (1) (589 SE2d 271) (2003) (citations and punctuation omitted). The sudden withdrawal of retained counsel is not "ipso facto a ground for continuance." *Huckaby v. State*, 127 Ga. App. 439, 440 (1) (194 SE2d 119) (1972) (citation omitted).

Lewis argues that the trial court abused his discretion denying the continuance because the denial required Lewis to go to trial without the assistance of counsel. He concedes, however, that he "deserves some of the blame for terminating his counsel after the calendar call" and even that he waived his right to counsel, albeit implicitly. Lewis had discharged at least three attorneys, including one on the day of trial, had announced ready for trial, and sought the continuance at the commencement of the trial. He insisted that he did not want Jarriel to represent him in spite of the trial court's warnings of the dangers of proceeding without counsel. Under these circumstances,

> the trial court was authorized to conclude that [Lewis] was attempting to use the discharge . . . of . . . counsel as a dilatory tactic, which was the functional equivalent of a knowing and voluntary waiver of . . . counsel. In such instances, the trial court may [deny a continuance and] proceed to trial with the defendant representing himself.

*Hobson v. State*, 266 Ga. 638 (2) (469 SE2d 188) (1996) (citation and punctuation omitted). See also *Bryant v. State*, 268 Ga. 616, 617-618 (2) (491 SE2d 320) (1997) (court did not err by denying defendant's motion for continuance after he sought to discharge counsel during jury selection and elected to proceed pro se); *Cain v. State*, 310 Ga. App. 442, 444 (1) (714 SE2d 65) (2011) (trial court did not err in denying continuance and requiring defendant to proceed pro se); *Massalene v. State*, 224 Ga. App. 321, 322 (1) (480 SE2d 616) (1997) (trial court did not err in denying motion for continuance when defendant discharged attorney on day of trial and elected to proceed pro se); *Bacon v. State*, 146 Ga. App. 468 (246 SE2d 475) (1978) (if the fault in nonrepresentation lies with the defendant firing an attorney at the last minute, he will not be entitled to a continuance to prepare for trial).

Lewis argues that the trial court should have granted a continuance so that he could review evidence handed to him the day of trial. This evidence consisted of the medical records of the victim, Lewis's mother, who had died by the time of trial. But the trial court offered Lewis time to review the victim's medical records, which the discharged attorney, Jarriel, had handed to him at the beginning of the proceeding. Lewis does not explain how more time would have helped him.

Lewis argues that the trial court should have granted his motion for continuance so that he could obtain witnesses. He concedes, however, that he did not make the required proffer of what those witnesses would testify about or who they were. See *Knox v. State*, 227 Ga. App. 447, 448 (489 SE2d 582) (1997). The fact that he proceeded pro se does not excuse his failure to make the required showing. A party "is not held to a different or more lenient standard . . . merely because he elected to proceed pro se. One who knowingly elects to represent himself assumes full responsibility for complying with the substantive and procedural requirements of the law." *Salazar v. State*, 256 Ga. App. 50, 53 (4) (567 SE2d 706) (2002) (citation and punctuation omitted).

To the extent that Lewis argues that he was entitled to a continuance because he was mentally ill, he points to no record evidence supporting the assertion that he was mentally ill. In fact, the trial court found that Lewis was competent to stand trial and understood the charges against him.

Lewis has not demonstrated that the trial court erred in denying his request for a continuance. Accordingly, his convictions are affirmed.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur*.

5